Louis I. Quail, Plaintiff, *v.* Commonwealth of Pennsylvania, Grace M. Sloan, State Treasurer, and A. Evans Kephart, Court Administrator, Defendants.

344

Argued December 3, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Charles C. Keller,* with him *Peacock, Keller, Yohe & Day,* for plaintiff.

*Melvin R. Shuster,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE MENCER, February 20, 1974:

Plaintiff, Louis I. Quail, the duly elected district justice of Magisterial District 27-3-04, situate in Wash-

ington County, brings this action in mandamus against the State Treasurer and the State Court Administrator to compel the payment to him of additional salary for services performed in Magisterial District 27-3-03.

Article V, Section 1 of the Constitution of Pennsylvania provides for a "unified judicial system" in which "[a]ll courts and justices of the peace and their jurisdiction shall be . . . [included]." Article V, Section 7(a) of the Constitution directs that "there shall be one justice of the peace in each magisterial district."

Article V, Section 10 of the Constitution provides in pertinent part: "(a) The Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace, including authority to temporarily assign judges and justices of the peace from one court or district to another as it deems appropriate."

Article V, Section 7 directs: "(b) . . . The number and boundaries of magisterial districts of each class within each judicial district shall be established by the Supreme Court or by the courts of common pleas under the direction of the Supreme Court as required for the efficient administration of justice within each magisterial district."

Rules 152 and 153 of the Rules of Criminal Procedure adopted by the Supreme Court of Pennsylvania read as follows:

Rule 152. "The President Judge of a judicial district may assign temporarily the issuing authority of any magisterial district to serve another magisterial district whenever such assignment is required for the efficient administration of justice. Whenever a temporary assignment is made under this Rule, notice of such assignment shall be filed with the Clerk of the Court of Common Pleas where it shall be available to police agencies and other interested persons."

Rule 153. "Whenever an issuing authority is temporarily assigned to serve another magisterial district, he shall, during the period of assignment, have the same jurisdiction and authority as one elected and qualified to serve in such magisterial district.

"An issuing authority so assigned may exercise such jurisdiction and authority in his own magisterial district or the magisterial district to which he has been so assigned."

Rule 112 of the Rules and Standards with Respect to Offices of Justices of the Peace Elected or Appointed to a Term of Office Commencing On or After January 1, 1970, embraces Rules 152 and 153 of the Rules of Criminal Procedure.

On January 23, 1970, the President Judge of the Court of Common Pleas of Washington County, by order, made temporary assignments of magistrates and paired the magisterial districts in Washington County to insure that, in the event of the temporary absence of a district justice from any magisterial district in Washington County, the district justice of the paired district would perform by assignment the necessary magisterial duties in the district which was temporarily without the services of a district justice. Magisterial District 27-3-04, to which plaintiff was elected, was paired with Magisterial District 27-3-03.

As a result of the court order of January 23, 1970 and there being no duly qualified district justice in Magisterial District 27-3-03, plaintiff performed all of the magisterial duties for both districts from January 23, 1970 until January 8, 1971, when a magistrate qualified to serve Magisterial District 27-3-03. During this period of approximately one year, plaintiff received only his salary as district justice of the district to which he was elected, namely, Magisterial District 27-3-04.

Defendants filed preliminary objections in the nature of a demurrer to plaintiff's complaint in mandamus.

This case undoubtedly produces two initial responses. One is born of a natural sense of what, at first, seems fair. Here the plaintiff did extra work and should receive extra compensation. Judges, being familiar with the work and duties of district justices, would, more likely than most, be understanding of the inequity that would result if plaintiff's claim could not be honored by the courts. The other response is that born of sound legal concepts. In *Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners,* 440 Pa. 299, 303, 269 A. 2d 871, 873 (1970), it was reaffirmed that the writ of mandamus is available only "to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." This extraordinary writ cannot issue where that which is sought to be compelled is beyond the scope of the official's duties.

Article V, Section 16(a) of the Constitution provides that "[j]ustices, judges and justices of the peace shall be compensated by the Commonwealth as provided by law." Section 5(a) of the Act of December 2, 1968, P. L. 1131, 42 P.S. §1305(a), provides that "[a] district justice shall receive an annual salary paid by the Commonwealth and computed by adding to three thousand dollars ($3,000) the product of the population of his magisterial district times forty cents (40¢), but in no event shall the salary exceed fourteen thousand dollars ($14,000)."

The key words are "his magisterial district." Plaintiff was duly elected as district justice of Magisterial District 27-3-04. This is his district. Rules of Criminal Procedure 152 and 153 refer to temporary assignments to "another magisterial district." We can only conclude that "his magisterial district" is solely the district to which plaintiff was elected. It is apparent and

free from doubt that the Legislature intended to compensate a district justice only on the basis of the population of the magisterial district to which he has been elected. The districts in question could not be merged or consolidated without the approval of the Supreme Court; such approval was nonexistent here. *Collins v. Gessler,* 452 Pa. 471, 307 A. 2d 892 (1973).

Although we would desire to legislate under the factual situation of this case and afford plaintiff extra salary, we do not have that prerogative. Our role being to interpret, we cannot here equate "his magisterial district" to the geographical area of his service, responsibility and jurisdiction while under a temporary court assignment, when the boundaries of each magisterial district have been established in accordance with the applicable statute and election is prescribed as the only method of becoming a district justice of a magisterial district. Act of December 2, 1968, P. L. 1131, §3(a), 42 P.S. §1303(a).

As harsh as this result may seem, it is in accord with the recent Supreme Court decision denying additional compensation to judges under circumstances wherein the equitable nature of the claim was equally appealing. *Glancey v. Casey,* 447 Pa. 77, 288 A. 2d 812 (1972).

Since the Legislature has not provided for increased salaries for district justices when they are on temporary assignment, the defendants lack the power and have no duty to increase plaintiff's salary for serving as a district justice in Magisterial District 27-3-03. The defendants are under a duty, which they have performed, to follow the legislative directive of Section 5(a) of the Act of December 2, 1968, P. L. 1131, 42 P.S. §1305 (a), in paying plaintiff such salary as is fixed by law. On this record, mandamus does not properly lie against the State Treasurer and State Court Administrator. The Legislature has only provided that a district justice be paid a salary based upon the population of the magis-

terial district to which he was elected. Therefore, plaintiff has no cause of action.

### ORDER

Now, this 20th day of February, 1974, the defendants' preliminary objections in the nature of a demurrer to Louis I. Quail's complaint in mandamus are sustained and Louis I. Quail's complaint in mandamus is dismissed.