Leonard P. Flack, Petitioner *v.* The Honorable Alexander F. Barbieri, Court Administrator of Pennsylvania and The Honorable Robert E. Casey, State Treasurer, Respondents.

Argued September 15, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT.

*Albert C. Oehrle,* with him *Wilson, Oehrle & Drayer,* for petitioner.

*Jonathan Vipond, III,* with him *Eve L. Cutler* and *Alan A. Bredt,* for respondents.

OPINION BY JUDGE WILKINSON, JR., October 14, 1977:

The petitioner in this case is a District Justice of the Peace for Magisterial District 38-2-20, located in Norristown. He is here seeking summary judgment on his petition for review in the nature of a complaint in mandamus. The petitioner contends that the respondents, the Court Administrator and the State Treasurer, have wrongfully diminished his salary during his term in office in violation of Article V, §16, and Article III, §27, of the Pennsylvania Constitution.

Petitioner began his first term in office on January 5, 1970, and completed that term on January 4, 1976. During this period, the petitioner received a monthly salary of $1,022.23. This salary was computed under Section 5 of the Magisterial Districts Act, Act of December 2, 1968, P.L. 1131, 42 P.S. §1305, repealed by Section 701(a)(2) of the Magisterial District Reform Act (Reform Act), Act of July 15, 1976, P.L. 1014, 42 P.S. §2701(a)(2), which provided a justice of the peace with an annual salary of $6,000 plus the product of the population of his magisterial district times forty cents. The Court of Common Pleas of Montgomery County on December 19, 1969 had certified that petitioner's district contained a population of 15,667, and his salary was computed accordingly.

During the first six months of petitioner's second term in office, January 5, 1976 through June 30, 1976, his monthly salary remained at $1,022.23. On July 1, 1976, as alleged in paragraph 12 of the Petition for Review and admitted in the Answer, petitioner's salary was increased to $1,533.35 per month, under the provisions of Section 206 of the Reform Act, 42 P.S. §2206. The Reform Act provided that the annual salary of a district justice would be $9,000 plus the product of the population of his magisterial district times 60 cents. This was clearly in error for the Reform Act did not become effective until 60 days after July 15, 1976, when the Governor signed the bill, *i.e.*, September 13, 1976. *See*, The Statutory Construction Act of 1972, 1 Pa. C.S. §1701(b)(2); 1973 Op. Atty. Gen. No. 71.

The petitioner was paid this new salary, still based on a population figure of 15,667 persons, through November of 1976. Then, on December 6, 1976, the Court Administrator informed the petitioner that his salary would be lowered to $1,386.15 per month, and that arrangements should be made for the return of alleged overpayments to the petitioner for the period from January 1976 through November 1976.

The decrease in salary arose from a recertification of the population in petitioner's district, which used 1970 census figures and set the total number of persons living in petitioner's district at 12,723.[1] A state-

---

[1] The total population figure for the borough of Norristown, based on the 1970 census, was 38,169. The recertified population figure for petitioner's district was achieved by dividing this total population figure by three, which represents the number of magisterial districts in Norristown. Such a result is in accord with Section 202(c) of the Magisterial Districts Reform Act of 1976, 42 P.S. §2202(c), which reads in part as follows:

(c) Standards for establishment of magisterial district—
In the case of a political subdivision containing within its boundaries two or more magisterial districts, the court shall

wide recertification of magisterial districts using 1970 census figures had been ordered by the Pennsylvania Supreme Court on January 4, 1971. The recertification figures for Montgomery County were approved on January 31, 1975, and became effective the first Monday of January 1976. This recertification, however, omitted the petitioner's district, and led to the sequence of events described above.

We do not accept the petitioner's contention that the respondents have wrongfully diminished his salary while in office in violation of Article V, §16, and Article III, §27 of the Pennsylvania Constitution. The spirit and intention of these sections, which we must consider in construing them, is to maintain the independence of the judiciary. *Firing v. Kephart*, 18 Pa. Commonwealth Ct. 578, 336 A.2d 470 (1975), *aff'd*, 466 Pa. 560, 353 A.2d 833 (1976). The action of the respondents, which is designed to correct an error and bring the petitioner's salary in line with the salary of other district justices, does not conflict with the purpose of these constitutional provisions.

Moreover, we believe that to prevent the respondents from correcting the petitioner's salary would construe the Constitution so as to bring about an impracticable and unreasonable result. *See Duane v. Philadelphia*, 322 Pa. 33, 185 A. 401 (1936). The respondent Court Administrator is under a duty to pay a district justice such salary as is fixed by law. *Quail v. Commonwealth*, 12 Pa. Commonwealth Ct. 343, 315 A.2d 660 (1974). The law in this case provides that a district justice's salary is based in part on the population of his district as certified. Section 206 of the

divide the political subdivision into magisterial districts as nearly equal as possible in population and area, and the court may presume that the population density of each part of a political subdivision is the same population density as for the whole political subdivision.

Reform Act, 42 P.S. §2206. The Court Administrator, therefore, was merely following the dictates of the law in correcting the population figures for petitioner's district and adjusting his salary accordingly.

While we accept respondent's claim that the population figure for petitioner's district was recertified, resulting in a salary adjustment, we do not believe that this adjustment should relate back to the start of petitioner's second term of office. A corrected recertification, which included petitioner's district, was issued on July 1, 1976. It was at this time, therefore, that the new certification for petitioner's district took effect. Prior to the corrected recertification, the old certification remained applicable. We cannot accept respondent's argument that the old certification became invalid at the start of petitioner's second term, and that the new certification should relate back to the first Monday of January, 1976. Petitioner's salary is based in part on population, and some set of population figures had to be operative and in effect during the first six months of 1976. We hold that petitioner's salary during these six months was properly based on the 1969 certification, and that he was not overpaid for this time period. With respect to the five-month period from July 1976 through November 1976 we hold that the petitioner's salary should have been based on the new certification, and that as a result he was overpaid. The petitioner is, therefore, liable to the respondents for the excess salary he received during this five-month period.

Accordingly, we will enter the following

ORDER

Now, October 14, 1977, the petitioner's motion for summary judgment is denied, and judgment is entered for the respondents. The petitioner and the respondents are to enter into a mutually acceptable agree-

ment for the return by the petitioner to the respondents of the excess salary received by the petitioner from July 1, 1976 through November 1976. The petitioner is to retain all salary received by him from January 5, 1976 to June 30, 1976. The reduction in the salary of the petitioner, which occurred in December of 1976 is affirmed, and his salary is to continue at the same rate, subject to any agreement entered into by the respondents and the petitioner with respect to the return of the overpayments made to the petitioner by the respondents.

We retain jurisdiction in the event the parties cannot arrive at a mutually acceptable agreement within a reasonable time.