557 A.2d 798

William R. Mayo, Appellant *v.* William Lichtenwalner, Charles Crawford and The Commonwealth of Pennsylvania, Department of Agriculture, Appellees.

Argued November 3, 1988, before Judges BARRY and COLINS, and Senior Judge MCGINLEY, sitting as a panel of three.

*Richard W. Kolosky, Worth Law Offices, P.C.*, for appellant.

*William A. Slotter,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* for appellees.

OPINION BY JUDGE BARRY, April 14, 1989:

William R. Mayo (Plaintiff) appeals an order of the Court of Common Pleas of Lehigh County sustaining the preliminary objections in the nature of a demurrer of two defendants; Charles Crawford and the Department of Agriculture (Defendants). We affirm in part on grounds different from the trial court's; vacate in part and remand.

The Plaintiff was the owner of two Rottweiler dogs. His amended complaint alleges that on October 21, 1985, his dogs were lured by Defendant Lichtenwalner's cats onto the defendant's property and from there into the Defendant's barn. The complaint then alleges that Lichtenwalner closed the barn door trapping the dogs inside and proceeded to call Defendant Crawford, the Dog Law Enforcement Officer of Lehigh County. When Defendant Crawford arrived he entered the barn, shot and killed the two dogs. The Plaintiff 's complaint seeks damages for emotional distress and mental anguish, loss

of society and companionship and economic losses associated with the value of the dogs.

The Defendants filed preliminary objections to the complaint in the nature of a demurrer. The trial court sustained the demurrer on the basis that the Defendants were immune from liability pursuant to 42 Pa. C. S. §8522(b)(6).

As Judge PALLADINO noted in *County of Allegheny v. Dominijanni*, 109 Pa. Commonwealth Ct. 484, 531 A.2d 562 (1987), we must note that the Defendants have not properly raised the affirmative defense of sovereign immunity. Pa. R.C.P. No. 1030 requires that the defense of immunity must be raised as new matter. However, in *McCreary v. City of Philadelphia*, 95 Pa. Commonwealth Ct. 285, 505 A.2d 385 (1986), we held that where the defense of immunity is apparent on the face of the challenged pleading it will be considered on preliminary objections unless the opposing party challenges the procedure by filing preliminary objections to the preliminary objections. The Plaintiff has not so challenged the Defendants' preliminary objections in the case before us. Accordingly, we will address the demurrer on the basis of sovereign immunity.

In determining whether to sustain a preliminary objection in the nature of a demurrer, all well-pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true. *Bahian v. Department of Public Welfare*, 89 Pa. Commonwealth Ct. 644, 493 A.2d 803 (1985). Further, a demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Id*.

The trial court determined that the Defendants were immune from liability for the Plaintiff's failure to plead facts which would permit him to recover under the ex-

ception to immunity at 42 Pa. C. S. §8522(b)(6). That section provides in pertinent part:

> (b) The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . . .
>
> (6) The *care, custody or control of animals in the possession or control of a Commonwealth party,* including but not limited to police dogs and horses and animals incarcerated in Commonwealth agency laboratories.

(Emphasis added.) The trial court reasoned that as a matter of law the dogs were not under the care, custody or control of the Defendants. On appeal the Plaintiff argues that the trial court erred in its conclusion.

After a review of §8522(b) we conclude that both the trial court and, on appeal the Plaintiff, have misplaced their emphasis on the "care, custody or control" provisions of that section. We find another portion of §8522(b) controls. The portion of the section which, in essence, introduces the exceptions set forth in §8522(b)(1)-(9) provides in pertinent part, "... the defense of sovereign immunity shall not be raised to claims for damages *caused by....*" (Emphasis added.) On the facts of this case as set forth in the Plaintiff's complaint the damages complained of refer to those caused *to* the animals, not *by* the animals. We must conclude that the exception to sovereign immunity set forth in §8522(b)(6) is not applicable in a case where, as here, damages are sought for damages caused to, not by, animals. Accordingly, we affirm the trial court's order insofar as it concludes that the Plaintiff's complaint fails to state a cause of action sounding in negligence as represented by the Plaintiff's claim

for damages for emotional distress, mental anguish, loss of society and companionship and economic losses associated with the value of the dogs. However, we conclude that the negligence action would be barred by the doctrine of sovereign immunity pursuant to the introductory language of 42 Pa. C. S. §8522(b), not by §8522(b)(6).

Our analysis does not end here, however. Pa. R.C.P. No. 1019(a) requires only that allegations of the "material facts on which a cause of action ... is based" must be pleaded. A plaintiff is not obligated to identify the legal theory underlying his complaint as the burden of analyzing this is on the court. *DelConte v. Stefonick,* 268 Pa. Superior Ct. 572, 408 A.2d 1151 (1979). Our research has disclosed a provision of the Dog Law (Law), Act of December 7, 1982, P.L. 784, 3 P.S. §§459-101—459-1205, under which the Plaintiff may be entitled to some relief.[1]

Section 1101 of the Law, 3 P.S. §459-1101 provides:
Nothing in this act shall be construed to prevent the owner of a licensed dog from recovering by action at law the value of any dog which has been illegally killed by any person, *provided the Commonwealth shall be liable to the owner of any legally licensed dog, for the value thereof, if illegally killed by any police officer or employee of the Commonwealth* and the Commonwealth may thereupon recover the amount so paid to such owner from the police officer or employee of the Commonwealth doing the illegal killing, by an

---

[1] We note that we read the language of this section of the Dog Law as specifically authorizing suit against the Commonwealth. Therefore, an action for the value of the dogs would not be barred by the doctrine of sovereign immunity. *See Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986) (where it was held that the Commonwealth is immune from suit under the Recreational Use of Land and Water Act, Act of February 2, 1966, P.L. (1965) 1860, 68 Pa. C. S. §§477-1—477-8).

action at law. Whenever the Commonwealth shall be liable for any killing the value of said dog shall be ascertained in the same manner as provided in section 701 for assessing the damage done to livestock by dogs. (Emphasis added.)

We find that the allegations in the complaint, if true, are sufficient to make out a claim under Section 1101 of the Dog Law. Paragraph 22 of the Plaintiff's amended complaint alleges that the Defendants "... illegally shot and killed said dogs although they did not constitute a threat to the public health and welfare." Paragraph 7 of the Plaintiff's complaint asserts, "On or about October 21, 1985, Plaintiff was the owner of a certain two (2) Rottweiler purebred dogs, which were family pets and prize winning show dogs and were registered with the American Kennel Club and licensed pursuant to the laws of the Commonwealth of Pennsylvania."

It is on this basis that we vacate the trial court's order sustaining the Defendants' demurrer.

The question of whether the Plaintiff has stated a cause of action pursuant to the Dog Law was not raised before the trial court or in the parties' briefs to this Court.

However, the rule that, on appeal, we will not consider a matter which the appellant did not raise in the court below or the lower court did not pass upon is not applicable to a question whether the facts pleaded in a complaint state a good cause of action. What we review in such instance on appeal is exactly what the court below had before it, viz., the sufficiency of the complaint under relevant law. If there is a positive statute that, on the basis of the facts pleaded, gives the plaintiff a cause of action, no other course is open to a court than to sustain the complaint. The fact that the plaintiff may have relied in the court below upon

an inapplicable statute does not impair or thwart the efficiency of the complaint to set forth a justiciable cause so long as there is a statute conferring the right under the facts pleaded.

*Jefferson Memorial Park v. West Jefferson Hills School District*, 397 Pa. 629, 634, 156 A.2d 861, 863-64 (1959). Based on *Jefferson*, we will vacate the trial court's decision to sustain the demurrer and remand the case for further proceedings.

### ORDER

NOW, April 14, 1989, the order of the Court of Common Pleas of Lehigh County at No. 87-C-0787, dated July 1, 1987 is hereby affirmed in part and vacated in part consistent with the foregoing opinion;

AND FURTHER, it is ordered that the record in this matter be hereby remanded to the trial court for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.