641 A.2d 633

Timothy WOODS

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

**Timothy WOODS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1994.

Decided April 14, 1994.

380

Theodore J. Chylack, Sr. Deputy Atty. Gen., for appellant/appellee Dept. of Transp.

William A. Loftus, for appellee/appellant Timothy Woods.

Before COLINS and NEWMAN, JJ., and DELLA PORTA, Senior Judge.

NEWMAN, Judge.

This case presents two issues regarding the assessment of post-judgment interest pursuant to Section 8101 of the Judicial Code, 42 Pa.C.S. § 8101: 1) whether post-judgment interest can be assessed against a Commonwealth party, and 2) whether post-judgment interest can be assessed against delay damages awarded pursuant to Pa.R.C.P. 238. We answer both questions in the affirmative.

Timothy Woods (Woods) brought an action against the Commonwealth of Pennsylvania, Department of Transportation (DOT) seeking damages for personal injuries which he sustained while operating a motorcycle on a state highway on August 30, 1982. Prior to trial, DOT offered Woods a settlement of $65,000. Woods rejected the offer, and on September 12, 1989, a jury returned a verdict of $1.5 million in favor of Woods. On October 12, 1989, the Court of Common Pleas of Philadelphia County (trial court) reduced the verdict to the statutory cap of $250,000 pursuant to Section 8528(b) of the Judicial Code, 42 Pa.C.S. § 8528(b) and awarded delay damages on that amount totalling $103,731.15. DOT paid Woods $353,731.15.

Woods appealed to this court which affirmed the order of the trial court. The supreme court reversed, and held that delay damages should have been assessed on the full amount of the jury verdict. *Woods v. Department of Transportation,* 531 Pa. 295, 612 A.2d 970 (1992). The supreme court remanded the matter to the trial court for assessment of damages. Woods filed a motion for additional delay damages and post-judgment interest thereon with the trial court. DOT responded by paying the additional $518,657.24 sought by Woods in his motion, but objected to the imposition of post-judgment interest against the Commonwealth.

On December 30, 1992, the trial court entered an order awarding the delay damages which had already been paid by DOT, as well as post-judgment interest on the $1.5 million jury verdict from the date of the verdict, September 14, 1989, to the date of actual payment. DOT appeals from the portion of the order awarding post-judgment interest on the jury verdict. Woods agrees that he was not entitled to post-judgment interest on the jury verdict, but cross appeals on the grounds that post-judgment interest should have been assessed against the additional delay damages of $518,657.24 which the trial court ordered pursuant to the directive of the supreme court. We agree with Woods and accordingly we affirm the portion of the trial court's order awarding delay

damages, but we modify the portion of the order regarding post-judgment interest.[1]

Section 8101 of the Judicial Code provides:

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S. § 8101.

■ DOT argues that it is not subject to post-judgment interest, because "A sovereign state is not liable for interest in any case except where, expressly or by reasonable construction of a statute, it has placed itself in a position of liability." *Purdy Estate*, 447 Pa. 439, 442, 291 A.2d 93, 95 (1972). *See Marianelli v. General State Authority*, 354 Pa. 515, 516, 47 A.2d 657, 658 (1946). Unless bound by statute or by contract of its executive officers, the Commonwealth is not liable to pay interest on its debts. *Philadelphia v. Commonwealth* (1923), 276 Pa. 12, 119 A. 723. DOT maintains that no statute specifically permits the Commonwealth to pay post-judgment interest, and therefore the courts cannot assess post-judgment interest against them.

This court addressed the issue of the imposition of post-judgment interest against a Commonwealth party in *King v. Boettcher*, 150 Pa.Commonwealth Ct. 490, 616 A.2d 57 (1992). In *King*, a jury returned a $500,000 verdict in favor of Boettcher and against King in a medical malpractice action. The trial court molded the verdict to approximately $675,000 to include delay damages. King, the defendant physician, filed a declaratory judgment action in this court on the issue of payment of post-judgment interest. The defendants were Boettcher, Pennsylvania Medical Society Liability Insurance Company (PMSLIC) (King's medical professional liability insurer) and Pennsylvania Professional Medical Liability Catastrophic Loss Fund (CAT Fund) (King's excess liability insur-

---

1. DOT filed a motion to quash Woods' cross appeal as untimely filed. By order dated September 2, 1993, this court denied DOT's motion.

er). The CAT Fund is an executive agency of the Commonwealth established pursuant to the Health Care Services Malpractice Act[2] and is a Commonwealth party. *DeVeaux v. Palmer*, 125 Pa.Commonwealth Ct. 631, 558 A.2d 166 (1989).

PMSLIC paid Boettcher its basic $100,000 coverage plus delay damages plus post-judgment interest on the combined total. The CAT fund paid the remainder of the underlying verdict and delay damages on its share of the verdict, but refused to pay post-judgment interest. In its motion for summary judgment the CAT fund argued that it did not have the authority to pay post-judgment interest. Upon review of Section 8101 of the Judicial Code, this court noted that "This provision grants a creditor interest as a matter of right unless another statute provides to the contrary." *King* 150 Pa. Cmwlth. at 495, 616 A.2d at 60. Since no provision of the Healthcare Services Malpractice Act, which created the CAT fund, precludes post-judgment interest, the court concluded that post-judgment interest was properly assessed against the CAT Fund.

■ In the instant case, DOT argues that it is not bound by any statute to pay interest. However, in *King* this court determined that the express statutory authority needed to require payment of interest by the CAT Fund exists in Section 8101 of the Judicial Code. Based on *King* we hold that Section 8101 of the Judicial Code provides statutory authority for imposition of post-judgment interest against DOT. Consequently we affirm the portion of the trial court's order which awarded statutory interest to Woods.[3]

**2.** Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. §§ 1301.101–1301.1006.

**3.** The trial court determined that post-judgment interest was properly imposed against DOT based on *Ralph Myers Contracting Corp. v. Department of Transportation*, 496 Pa. 197, 436 A.2d 612 (1981) and *Koolvent Aluminum Awning Co. of Pittsburgh v. City of Pittsburgh*, 192 Pa.Superior Ct. 650, 162 A.2d 256 (1960). In *Myers* the right to interest arose from the fact that the contract dispute involved was within the jurisdiction of the Board of Claims. The Board is empowered to award interest pursuant to 72 P.S. § 4651–1–4651–8. Since *Koolvent* involves a municipal subdivision rather than a commonwealth party, we affirm based on *King*, which presents facts similar to the case before us.

Once we establish that post-judgment interest can be imposed against DOT, we must determine the appropriate amount against which interest should be assessed. We hold that Woods is entitled to post-judgment interest on the unpaid portion of the molded jury verdict, which consists of the statutory cap plus delay damages. Our supreme court's decision in *Ralph Myers Corp. v. Department of Transportation*, 496 Pa. 197, 436 A.2d 612 (1981) is instructive on this issue. We recognize that *Myers* involves a contract dispute within the jurisdiction of the Board of Arbitration of Claims, and accordingly the imposition of post-judgment interest was not an issue in the case. Nevertheless, *Myers'* treatment of post-judgment interest on delay damages is relevant.

In *Myers* the Board of Arbitration of Claims issued an order on June 3, 1977, awarding $491,807.55 to Myers against DOT, with interest at the rate of six percent per annum from December 30, 1972. On August 24, 1977, DOT paid Myers $491,807.55. On December 12, 1977 DOT paid interest of six percent on $491,807.55 for the period of December 30, 1972 through August 24, 1977, in the amount of $137,194.10. Myers filed suit in this court seeking interest on the unpaid balance up to December 12, 1977. This court rejected the petition and the supreme court reversed. It held that Myers was entitled to $622,379.09 (principal of $491,807.55 plus six percent interest awarded by the Board from December 30, 1972 until June 3, 1977, the date of the Board's award), plus interest on $622,379.09 beginning June 3, 1977. The court framed the issue as follows: "Whether the total amount of an award consisting of principal and interest may be considered, in effect, a new principal amount upon which interest may be calculated from date of entry of the Board awarded judgment until date of payment." *Myers* at 199, 436 A.2d at 613.

In explaining its rationale, the supreme court stated:

Quite simply put, interest awarded as to the principal amount of the claim *merges* with the principal awarded and becomes thereby an integral part of the judgment, thus, Myers is entitled to be compensated for the delay from the entry of the award of the principal amount plus interest to

date of payment in full, with interest computed at the rate of 6% per annum.

*Myers* at 203–204, 436 A.2d at 615 (emphasis in original).

This is consistent with Pa.R.C.P. 238(a)(1) which states that "Damages for delay shall be added to the compensatory damages awarded ... in the verdict of a jury ... and shall become part of the verdict."

In *Myers* the supreme court further held that a prevailing plaintiff is not entitled to receive interest on the full award where the award has been partially satisfied. However, he may receive simple interest on the unpaid balance, with payments applied first to interest on the unpaid balance of the award, and then to the unpaid balance itself. *Myers* at 204, 436 A.2d at 615.

 Following trial, Woods was entitled to $872,338.39 ($250,000 in compensatory damages plus $622,338.39 in delay damages). Since only $353,731.15 of the verdict was paid after trial, the unpaid balance of $518,657.24 carried statutory interest from September 12, 1989, the date of the verdict. Pursuant to *Myers*, DOT's payment of $518,657.24, which was made on November 16, 1992, is to be applied first to the interest that accrued on the unpaid balance from September 12, 1989 through November 16, 1989, and then to the unpaid balance itself. As of November 16, 1992, when DOT made partial payment, it owed the unpaid balance on the verdict of $518,-657.24 plus six per cent interest on that amount for three years and 65 days at the rate of $85.25 per day, for a total of $617,386.91. Applying the payment first to the interest and then to principal leaves $98,729.67 in unpaid principal with interest on that amount due from September 12, 1989. An award of unpaid principal with interest thereon is appropriate under *Myers*. [4]

4. We believe that the trial court erred in assessing post-judgment interest on the jury verdict of $1.5 million, since pursuant to the statutory cap Woods was only entitled to compensatory damages in the amount of $250,000.

Accordingly, we affirm the portion of the trial court's order which awarded additional delay damages in the amount of $518,657.24. However, we modify the portion of the order assessing post-judgment interest and hereby award to Woods $98,729.67 plus simple interest at the rate of six percent from the date of the verdict, September 14, 1989 to the date of actual payment.

## ORDER

AND NOW, April 14, 1994, the portion of the order of the Court of Common Pleas of Philadelphia County in the above captioned matter awarding additional delay damages in the amount of $518,657.24 is affirmed. The portion of the award assessing post-judgment interest is modified, and Timothy Woods is awarded $98,729.67 plus simple interest thereon at the rate of six percent from the date of the verdict, September 14, 1989 to the date of actual payment.