**MONTGOMERY HOSPITAL and Arthur C. Hayes, M.D., Petitioners,**

**v.**

**MEDICAL PROFESSIONAL LIABILITY CATASTROPHE LOSS FUND, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 1995.

Decided Nov. 27, 1995.

Joseph J. Bellew, for petitioners.

Richard L. McMonigle, Jr., for respondent.

Before McGINLEY and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

The Medical Professional Liability Catastrophe Loss Fund (CAT Fund) has filed preliminary objections in the nature of a demur-

rer in this court's original jurisdiction to a petition for review in the nature of a complaint in mandamus filed by Montgomery Hospital and Arthur C. Hayes, M.D. (Petitioners).

On October 5, 1992, the United States District Court for the Eastern District of Pennsylvania (District Court) entered a $2,780,000.00 judgment against Petitioners in a medical malpractice action. Petitioners' insurers paid $780,000.00 of the award on their behalf. The CAT Fund was responsible under the Health Care Services Malpractice Act (Act)[1] for the remaining $2,000,000.00 of the judgment.

However, the CAT Fund did not pay its share of the award until December 30, 1993, pursuant to section 701(e)(2) of the Act.[2] Because of the delay in making payment, $82,299.00 in post-judgment interest accrued on the $2,000,000.00 for the period from October 5, 1992 to December 30, 1993. On January 9, 1995, the District Court granted a motion for that post-judgment interest against Petitioners. When Petitioners sought payment of the post-judgment interest from the CAT Fund, the request was denied.

On April 3, 1995, Petitioners filed a petition for review in the nature of a complaint in mandamus in this court's original jurisdiction against the CAT Fund. Petitioners assert therein that the CAT Fund has a clear legal duty under *King v. Boettcher*, 537 Pa. 574, 645 A.2d 219 (1994), *reh'g denied* (Pa. August 31, 1994), to pay the post-judgment interest, that Petitioners have a corresponding right in that regard and that there is no adequate remedy at law. Thus, Petitioners request

that this court enter a judgment of mandamus against the CAT Fund ordering the payment of $82,299.00 in post-judgment interest.

■ The CAT Fund has filed preliminary objections in the nature of a demurrer to Petitioners' complaint, arguing that, because the CAT Fund has fulfilled its statutory duty to pay up to $1,000,000.00 for each occurrence for each health care provider under 40 P.S. § 1301.701(d), Petitioners do not have a clear legal right to post-judgment interest. Furthermore, the CAT Fund maintains that Petitioners should have commenced a declaratory judgment action, not an action in mandamus, in order to establish Petitioners' clear legal right to post-judgment interest.[3]

■ Mandamus is an extraordinary writ used to compel the performance of a ministerial act or mandatory duty only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. *Hamm v. Board of Education*, 79 Pa. Cmwlth. 547, 470 A.2d 189 (1984); *Quail v. Commonwealth*, 12 Pa.Cmwlth. 343, 315 A.2d 660 (1974). The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. *Hamm*.

The CAT Fund maintains that Petitioners do not have a clear legal right to compel the CAT Fund to pay post-judgment interest where, to do so, would force the CAT Fund to exceed its statutory maximum payment.[4] Petitioners counter that our supreme court's holding in *King* establishes a clear legal right

---

1. Act of October 15, 1975, P.L. 390, 40 P.S. §§ 1301.101–1301.1006.

2. Section 701(e)(2) of the Act, 40 P.S. § 1301.701(e)(2), states in pertinent part:
   All claims shall be computed ... on August 31 for all claims which became final between that date and September 1 of the preceding year. All such claims shall be paid on or before December 31 following the August 31 by which they became final....

3. In determining whether to sustain a preliminary objection in the nature of a demurrer, all well-pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true. *Mayo v. Lichtenwal-*

*ner*, 125 Pa.Cmwlth. 137, 557 A.2d 798 (1989). Furthermore, a demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery; any doubts should be resolved against sustaining the demurrer. *Id.*

4. Section 701(d) of the Act, 40 P.S. § 1301.701(d) (emphasis added), indicates that the CAT Fund was created

   for the purpose of paying all *awards, judgments and settlements* for loss or damages against a health care provider.... The *limit of liability of the fund shall be $1,000,000 for each occurrence for each health care provider....*

to have the CAT Fund pay post-judgment interest.[5] Moreover, Petitioners rely on this court's holding in *Woods v. Dept. of Transportation,* 163 Pa.Cmwlth. 379, 641 A.2d 633 (1994), *appeal denied,* 540 Pa. 605, 655 A.2d 993 (1995), for the proposition that such post-judgment interest is not limited by the statutory cap but, rather, is assessed on the statutory cap. We agree with Petitioners.

In *Woods,* an individual sued the Department of Transportation (DOT) seeking damages for personal injuries sustained in a motorcycle accident. A jury awarded the individual $1.5 million; however, the trial court reduced that amount to the statutory cap of $250,000.00 and awarded delay damages totalling $103,731.15. This court was then asked to consider whether post-judgment interest could be assessed against DOT and, if so, whether such interest could also be assessed against the delay damages. We held that post-judgment interest should be assessed on "the unpaid portion of the molded jury verdict, which consists of the statutory cap plus delay damages." *Woods,* 163 Pa.Cmwlth. at 384, 641 A.2d at 636.

Thus, a Commonwealth party is liable for post-judgment interest even though payment of such interest would require the Commonwealth party to pay in excess of the statutory limit. Here, then, Petitioners have a clear legal right to have the CAT Fund pay post-judgment interest on its $2,000,000.00 statutory cap even though the total amount paid by the CAT Fund will exceed $2,000,000.00. Because the legal right and corresponding duty are clear, and because Petitioners have no other adequate remedy at law, we overrule the preliminary objections filed by the CAT Fund.

### ORDER

AND NOW, this 27th day of November, 1995, the preliminary objections filed by the Medical Professional Liability Catastrophe Loss Fund are overruled. Pursuant to Pa. R.A.P. 1516(c), an answer to the petition for review in the nature of a complaint in mandamus filed by Montgomery Hospital and Arthur C. Hayes, M.D., is due in thirty days.

---

**5.** In *King,* our supreme court held that the CAT Fund is liable for post-judgment interest when the CAT Fund fails to pay a judgment awarded against it when that judgment is due. However, because the CAT Fund's total liability in *King* did not exceed the statutory cap for liability, the court did not address whether the CAT Fund was liable for post-judgment interest in excess of that cap.