**MONTGOMERY HOSPITAL and Arthur C. Hayes, M.D., Petitioners,**

v.

**MEDICAL PROFESSIONAL LIABILITY CATASTROPHE LOSS FUND, Réspondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.

Decided Dec. 2, 1996.

Publication Ordered Dec. 10, 1996.

**5.** 31 U.S.C. §§ 7501–7507.

John T. Salvucci, Philadelphia, for petitioners.

Arthur F. McNulty, Harrisburg, for Respondent.

Before DOYLE and FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

Montgomery Hospital and Arthur C. Hayes, M.D., (together, Petitioners), health care providers as contemplated by the Health Care Services Malpractice Act (Act),[1] filed a Motion for Judgment on the Pleadings pursuant to amended Pa.R.C.P. No. 1034, seeking a Writ of Mandamus to compel the Respondent, Medical Professional Liability Catastrophe Loss Fund (CAT Fund), to pay post-judgment interest on its portion of an award entered against Petitioners in an underlying medical malpractice action.

On April 3, 1995, Petitioners filed a Petition for Review in the Nature of a Complaint in Mandamus in this court's original jurisdiction seeking to compel the CAT Fund to pay $82,299.00, the amount of post-judgment interest attributable to the CAT Fund's share of the award entered against Petitioners in the underlying lawsuit.[2] The CAT Fund responded to the Petition for Review by filing Preliminary Objections, in which the CAT Fund alleged that the Petition for Review failed to state a cause of action upon which relief could be granted because, as a matter of law, the CAT Fund could not pay the post-

---

**1.** Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. §§ 1301.101–1301.1006.

**2.** Michael J. Killian and Theresa M. Killian, plaintiffs in the underlying medical malpractice action, sought damages for injuries resulting from allegedly improper care and treatment provided by Montgomery Hospital and Dr. Hayes. The Killians were awarded $2,780,000.00, of which, Petitioners' insurers paid $780,000.00 on Petitioners' behalf, while the CAT Fund was responsible for paying the remaining $2,000,-000.00. Because the CAT Fund paid its share of

the award some fifteen (15) months after the judgment was entered, post-judgment interest accrued in the amount of $82,299.00. When the CAT Fund refused to pay this additional amount to the Killians, the payment was made by Petitioners. Thereafter, Petitioners filed their Petition for Review, which included both a Petition for Writ of Mandamus directing the CAT Fund to pay Petitioners the $82,299.00 as well as a request for Restitution of this sum to Petitioners. (Exhibit A to Motion for Judgment on the Pleadings.)

judgment interest where doing so would force it to expend monies in excess of its statutorily prescribed liability cap. However, on November 27, 1995, this court issued our opinion in *Montgomery Hospital v. Medical Professional Liability Catastrophe Loss Fund,* 668 A.2d 221 (Pa.Cmwlth.1995), in which we: (1) overruled the CAT Fund's Preliminary Objections; (2) ruled that Petitioners have a clear legal right to have the CAT Fund pay post-judgment interest even where the amount paid will exceed the statutory cap; and (3) directed the CAT Fund to file an answer to Petitioners' Petition for Review within thirty days.

In accordance with that opinion, the CAT Fund filed an Answer with New Matter. In addition to raising many of the same issues set forth in its Preliminary Objections, (*see* Exhibit D to Motion for Judgment on the Pleadings), the CAT Fund, in its New Matter, alleges:

37. Petitioners' claims against Respondent are barred because petitioners' excess insurer is obligated to pay the post-judgment interest at issue.

(Exhibit D to Motion for Judgment on the Pleadings, para. 37.) Petitioners filed a reply denying the averments in the CAT Fund's New Matter, in particular, stating:

37. Denied. In overruling Respondent's preliminary objections the Commonwealth Court has ruled that as a matter of law the Respondent is statutorily mandated to pay post judgment interest.

(Exhibit E to Motion for Judgment on the Pleadings, para. 37.)

On January 11, 1996, the CAT Fund filed a Joinder Petition for Review in the Nature of a Petition for Declaratory Judgment (Joinder Petition) against Additional Respondent PHICO Insurance Company (PHICO), the company which provided primary and excess medical malpractice liability insurance for Petitioners. In the Joinder Petition, the CAT Fund alleges that, pursuant to the insurance policies PHICO issued to Petitioners, PHICO is obligated to pay on Petitioners' behalf all amounts in excess of the CAT Fund's statutory limit, in this case, the $82,299.00 in post-judgment interest. PHICO's counsel recently produced the applicable PHICO policies and confirmed that, in fact, PHICO already had paid the $82,299.00 at issue, thus prompting the CAT Fund to file an Amended Joinder Petition on September 27, 1996.[3] PHICO has not yet filed any answer to the Amended Joinder Petition.

On July 1, 1996, Petitioners filed a Motion for Judgment on the Pleadings pursuant to amended Pa.R.C.P. No. 1034, effective July 1, 1996, which provides (emphasis added):

RULE 1034. MOTION FOR JUDGMENT ON THE PLEADINGS

(a) After the *relevant* pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

(b) The court *shall* enter such judgment or order as shall be proper on the pleadings.

The note to amended Rule 1034 reveals that only the pleadings *between the parties to the motion for judgment on the pleadings* must be closed prior to filing the motion. Thus, Petitioners maintain that, because the relevant pleadings, i.e., the Petition for Review, the Answer with New Matter and the Reply to New Matter, are now closed between Petitioners and the CAT Fund, this matter is ripe for disposition under Rule 1034.

---

3. In the Amended Joinder Petition, the CAT Fund alleges, *inter alia,* that PHICO is a real party in interest and an indispensable party to this proceeding. Further, the Amended Joinder Petition states that PHICO provided primary liability insurance coverage for Petitioners under a policy which provided a liability limit of $200,000.00 for Hayes and $200,000.00 for Montgomery Hospital, and, in addition, PHICO provided excess umbrella liability insurance coverage for Petitioners with a limit of $10,000,000.00. According to the CAT Fund, pursuant to these insurance policies, PHICO paid $780,000.00 toward the underlying judgment of $2,780,000.00 and was obligated to pay the $82,299.00 in post-judgment interest; indeed, the CAT Fund asserts, PHICO did pay the $82,299.00 on behalf of Petitioners pursuant to its insurance policies and/or as a volunteer. The CAT Fund includes an affidavit of PHICO employee Beth Persun, admitting to the above payment. (Exhibit A to the CAT Fund's brief in opposition to Petitioners' Motion for Judgment on the Pleadings, Amended Joinder Petition, paras. 5, 9, 11–12, 14–17.)

Initially, we note that, a ruling on a motion for judgment on the pleadings in this court's original jurisdiction is in the nature of a demurrer, so that all of the opposing parties' allegations of fact are viewed as true, and only those allegations specifically admitted may be considered against that party. *Keil v. Good,* 467 Pa. 317, 356 A.2d 768 (1976); *Pennsylvania Association of Township Supervisors v. Department of General Services,* 666 A.2d 1153 (Pa.Cmwlth.1995). Moreover, a motion for judgment on the pleadings in this court's original jurisdiction will summarily dispose of a case only where there exists no genuine issue of material fact and the moving party clearly is entitled to judgment as a matter of law. *Id.*

According to Petitioners, it is beyond peradventure that the "Petitioners have a clear legal right to have the CAT Fund pay post-judgment interest on its $2,000,000.00 statutory cap, even though the total amount paid by the CAT Fund will exceed $2,000,000.00." *Montgomery Hospital,* 668 A.2d at 223.[4] Petitioners maintain that the ministerial act which they seek to compel the CAT Fund to perform is the payment of post-judgment interest, and, because this court has ruled that Petitioners are entitled to the relief requested, all that remains for us to do is enter an order granting Petitioners' Motion for Judgment on the Pleadings.

Petitioners also point out that *any* time after the filing of a petition for review in an original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear. Pa. R.A.P. 1532(b). Here, Petitioners claim that their right to prevail as a matter of law is so clear that a trial would be a fruitless exercise. *Bata v. Central–Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied,* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967).

On the other hand, the CAT Fund maintains that we must deny Petitioners' Motion for Judgment on the Pleadings because the relevant pleadings are not closed. In this regard, the CAT Fund asserts that the real party in interest here is PHICO because, having already paid the $82,299.00 judgment at issue on behalf of Petitioners, it is PHICO that has sustained the $82,299.00 loss. The CAT Fund reasons that, because it is not Petitioners', but PHICO's pleadings and contractual obligations which are relevant here, the Motion for Judgment on the Pleadings is premature. We disagree.

Petitioners have conceded that the $82,299.00 in post-judgment interest was paid to the plaintiffs in the underlying matter. However, PHICO did not pay the judgment on Petitioners' behalf; rather, PHICO merely advanced the money to Petitioners under an agreement whereby Petitioners agreed to reimburse PHICO for the outlay of funds regardless of the ultimate resolution of this matter.[5] Although noting these facts, we

---

**4.** In overruling the CAT Fund's Preliminary Objections, we agreed that our Supreme Court's decision in *King v. Boettcher,* 537 Pa. 574, 645 A.2d 219 (1994), *reh'g denied,* (Pa. August 31, 1994), establishes a clear legal right to have the CAT Fund pay post-judgment interest. Moreover, we agreed that, under our holding in *Woods v. Department of Transportation,* 163 Pa. Cmwlth. 379, 641 A.2d 633 (1994), *appeal denied,* 540 Pa. 605, 655 A.2d 993 (1995), a Commonwealth party, such as the CAT Fund, is liable for post-judgment interest even though payment of such interest would require the Commonwealth party to pay in excess of the statutory limit. *Montgomery Hospital.*

**5.** The affidavit of PHICO employee Beth Persun, here summarized, provides that:

1. Persun, a PHICO employee, was responsible for handling the claim against Petitioners in the underlying malpractice action.

2. PHICO issued a policy providing primary professional liability coverage, with limits of liability of $200,000.00 to each of Petitioners.

3. PHICO also issued an umbrella policy to Montgomery Hospital, but excluded Hayes from coverage.

4. Pursuant to the primary coverage, PHICO provided Petitioners with a defense in the underlying suit. After a judgment of $2,780,000.00 was entered in October 1992, PHICO, pursuant to the primary and umbrella policies, paid $780,000.00. However, the CAT Fund elected not to pay its $2,000,000.00 portion of the judgment until December 30, 1993, resulting in post-judgment interest in the amount of $82,299.00 accruing on the CAT Fund's portion of the judgment; the CAT Fund refused to pay this interest, despite demand to do so.

5. Since Petitioners were obligated by the judgment and by the CAT Fund's refusal to timely pay its share of the judgment or, in .the alternative, to pay the accrued post-judgment

point out that they do not impact on the dispute between Petitioners and the CAT Fund, which is the subject of this Motion for Judgment on the Pleadings. In fact, contrary to the claims of the CAT Fund, the issues between Petitioners and the CAT Fund do not involve PHICO.

Here, the CAT Fund maintains that Petitioners are not entitled to the judgment sought because the facts set forth in the pleadings fail to establish the CAT Fund's liability to Petitioners for the post-judgment interest at issue here. In support of this argument, the CAT Fund points to the allegation made in its New Matter that Petitioners' claims are barred because their excess insurer, PHICO, is obligated to pay the post-judgment interest at issue. (*See* Respondent's Answer at New Matter, para. 37.) The CAT Fund asserts that it is entitled to the benefit of the factual inference, made through paragraph 37 of its New Matter, that the language of PHICO's policies rendered PHICO responsible for payment of the $82,299.00 judgment against Petitioners in the underlying case.[6]

In making this argument, the CAT Fund acknowledges that, in *Montgomery Hospital,* this court has "suggested" that *Petitioners* can require the CAT Fund to pay post-judgment interest in excess of its statutory limit of liability; however, the CAT Fund claims to have raised a new and undecided issue in its New Matter concerning the impact of *PHICO's,* as opposed to Petitioners', obligations on the CAT Fund's potential liability in this case. Thus, the CAT Fund maintains that Petitioners' Motion for Judgment on the Pleadings must be denied to allow adequate consideration of the true and significant insurance coverage issues raised by the facts in this case but not framed within the pleadings submitted by Petitioners. The CAT Fund contends that granting judgment on the pleadings at this juncture would deprive the parties to this litigation of the ability to present these issues to the court in a thorough and complete manner, and would likewise deprive this court of the ability to make an informed decision on this issue of first impression, which, the CAT Fund maintains, cannot properly be determined until Petitioners' coverage under all applicable policies of insurance has been investigated and properly briefed and submitted to this court.

■ However, as characterized by the CAT Fund itself, the dispute between PHICO and the CAT Fund is an insurance coverage disagreement. Whether PHICO may be liable for contribution to the CAT Fund has nothing to do with the issue before us here; that issue is whether the CAT Fund can be liable for post-judgment interest beyond its statutorily mandated liability cap. We have already resolved that issue in the affirmative in our previously decided *Montgomery Hospital.* The CAT Fund cannot escape the obligation which this court has already determined it owes to Petitioners by attempting to identify another entity as the party liable for payment. *See Austin J. Richards, Inc. v. McClafferty,* 371 Pa. Super. Ct. 269, 538 A.2d 11, *appeal denied,* 520 Pa. 570, 549 A.2d 131 (1988).

In short, any coverage dispute between the CAT Fund and PHICO will not preclude Petitioners' entitlement to judgment on the pleadings; if the CAT Fund believes that PHICO's policy language obligates PHICO

interest, PHICO advanced to Petitioners the funds necessary to pay the post-judgment interest, *under an agreement whereby PHICO reserved its right to be repaid by Petitioners no matter what the resolution of the instant mandamus action. In other words, Petitioners remain legally obligated to pay (repay) the amount at issue in this action, despite the fact that PHICO advanced the funds.* (Exhibit E of Respondent's brief.) (Emphasis added.)

6. The CAT Fund notes that the Act specifies that *insurers* providing excess insurance to health care providers are liable for payments in excess of the limits of liability provided by the CAT Fund, 40 P.S. § 1301.705, and that the CAT Fund's "limit of liability" is $1,000,000 per provider, per occurrence, 40 P.S. § 1301.701. *See also, American Casualty Company of Reading v. PHICO Insurance Co.,* 537 Pa. 295, 643 A.2d 91 (1994) (holding that excess policies kick in after the Fund pays its statutory limit). According to the CAT Fund, the question of its liability for amounts in excess of its statutory cap in a case where an excess insurance policy is applicable has never been decided by this court, and, because the rules of law are not clear, we should not grant judgment on the pleadings. *Jefferies v. Hoffman,* 417 Pa. 1, 207 A.2d 774 (1965).

to pay the post-judgment interest here, that is an issue which does not involve Petitioners and can be decided in a separate proceeding.

Accordingly, we grant Petitioners' Motion for Judgment on the Pleadings.

KELTON, Senior Judge, dissents.

### ORDER

AND NOW, this 2nd day of December, 1996, upon consideration of the Motion for Judgment on the Pleadings filed by Montgomery Hospital and Arthur C. Hayes, M.D., said motion is hereby granted.