# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harvey Miguel Robinson, Jr.,      :
              Appellant    :
                      :   No.  1770 C.D. 2017
          v.           :
                      :   Submitted:  March 23, 2018
Louis S. Folino, and CO1 Gillis,  :
sued in their individual capacities   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED:  June 8, 2018


       The Appellant, Harvey Miguel Robinson, Jr., appeals, _pro se_, from the August 4, 2017 order of the Court of Common Pleas of Greene County (trial court), which granted the preliminary objections of Louis S. Folino and CO1 James Gillis (together, Defendants) and dismissed Appellant's amended complaint.


## Facts and Procedural History

       Robinson is an inmate currently incarcerated at the State Correctional Institution (SCI)-Graterford.[1]  On August 3, 2016, Robinson filed a complaint against Defendants, later amended on September 23, 2016, seeking declaratory relief and monetary damages and requesting a jury trial.  (Original Record (O.R.) at Item No. 27.)

---

     [1] By letter dated April 30, 2018, filed on May 4, 2018, Robinson notified the Court that he had been transferred to SCI-Graterford.

The amended complaint arose from an incident occurring on January 19, 2014, when Robinson was incarcerated at SCI-Greene. (Am. complaint at ¶9.) On that date, Gillis, a correctional officer at SCI-Greene, was talking to a jailhouse informer outside his cell. Gillis, speaking loudly so others could hear him, told the informer that Robinson had filed two grievances against him and others that related to the "handicapped cages" in the law library. (*Id.* at ¶10.) Gillis allegedly said that he would make sure that he got Robinson back for filing the grievances and that he was going to try to have Robinson sent to solitary confinement. (*Id.*) Although he was sleeping at the time, Robinson was awakened by a neighboring inmate and told what Gillis had said. (*Id.* at ¶11.)

On January 21, 2014, Robinson received a misconduct slip from Gillis, charging him with threatening an employee and using abusive, obscene language. (*Id.* at ¶12.) On January 27, 2014, a hearing examiner ultimately dismissed the misconduct charge. (*Id.* at ¶13.) In the weeks that followed, Robinson asserts that Gillis continued to tell the informer that he intended to have him sent to "the hole" even if he had to "make up something that will stick next time." (*Id.* at ¶15.)

In his amended complaint, Robinson asserts a First Amendment retaliation claim against Gillis and two tort claims under the theories of *respondeat superior* and vicarious liability against Folino, the former superintendent of SCI-Greene.

On October 28, 2016, Defendants jointly filed preliminary objections to the amended complaint. (O.R. at Item No. 26; Preliminary objections.) Gillis asserted that the amended complaint failed to state a claim for a First Amendment civil rights violation under 42 U.S.C. §1983. (*Id.* at 4-6.) Folino asserted that he was insulated from liability because the averments of the amended complaint alleged that he acted intentionally, rather than negligently, and because a public official is not liable for the

negligent acts of his subordinates. (*Id.* at 6-7.) The trial court granted each Defendant's preliminary objections by order dated August 4, 2017. (O.R. at Item No. 13.) With respect to Gillis, the trial court's order was based solely upon the doctrine of sovereign immunity and did not address Robinson's asserted civil rights violation under 42 U.S.C. §1983. The trial court noted "that the conduct of Gillis, as alleged, is conduct which is intentional in nature" and that sovereign immunity applied because "[a]t all times alleged in the [amended] [c]omplaint, Gillis was an employee of the Commonwealth" and "was acting within the scope of his employment." (*Id.* at 3.)

On September 11, 2017, Robinson filed both a request for reconsideration of the August 4, 2017 order and an appeal with the Superior Court of Pennsylvania. (O.R. at Item Nos. 11-12). Because the Commonwealth Court has exclusive appellate jurisdiction over this subject matter, and with no objection from Robinson, the Superior Court transferred the appeal to this Court.

**Discussion**

On appeal,[2] Robinson asserts that the trial court abused its discretion and/or erred by finding, *sua sponte*, that Gillis was protected by sovereign immunity, when that issue was not raised by Defendant Gillis in his preliminary objections and his conduct fell outside the scope of his employment. Defendants concede that they did not raise the issue of sovereign immunity with respect to Defendant Gillis in their

---

[2] When ruling upon preliminary objections, the Court is "required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation & Natural Resources*, 909 A.2d 413, 415 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007). Where a preliminary objection presents a question of law, such as objections related to issues of sovereign immunity and statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *Feldman v. Hoffman*, 107 A.3d 821, 826 n.7 (Pa. Cmwlth. 2014); *Bender v. Pennsylvania Insurance Department*, 893 A.2d 161, 162 (Pa. Cmwlth. 2006).

preliminary objections; therefore, the count against Defendant Gillis should not have been dismissed on that basis. (Appellees' brief at 7.) However, Defendants contend that this Court should affirm the trial court's decision because Robinson failed to plead a cognizable retaliation claim.

## Sovereign Immunity

"The sovereign immunity of the Commonwealth cannot be waived by an act of its agent. It can only be waived by a [s]pecific enactment of the legislature." *Hoffner v. James D. Morrissey, Inc.*, 389 A.2d 702, 703 (Pa. Cmwlth. 1978). However, the party seeking to assert the defense of sovereign immunity must raise it in a pleading. *See*, *e.g.*, *Mayo v. Lichtenwalner*, 557 A.2d 798, 799 (Pa. Cmwlth. 1989) (explaining that "Pa.R.C[].P. [No.] 1030 requires that the defense of immunity must be raised as new matter," but "where [it] is apparent on the face of the challenged pleading it will be considered on preliminary objections unless the opposing party challenges [it]."). Accordingly, because Defendant Gillis failed to raise sovereign immunity in his preliminary objections, we must conclude that the trial court erred in finding, *sua sponte*, that Gillis was protected by the doctrine.

Because this Court may "affirm the judgment of a trial court where the result is correct, even though the reason given is erroneous, when the correct basis for the decision is clear on the record," *Rhoads v. Lancaster Parking Authority*, 520 A.2d 122, 131 (Pa. Cmwlth. 1987), we must now consider whether Robinson's complaint sufficiently stated a claim of retaliation under 42 U.S.C. §1983.

## Retaliation

Section 1983 of title 42 of the United States Code provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. To succeed on a claim under 42 U.S.C. §1983, the plaintiff must establish that an individual deprived him of a federal right and that the individual was acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

To prevail on a First Amendment retaliation claim, a petitioner must state sufficient facts to show (1) he engaged in constitutionally protected conduct; (2) the retaliation against that conduct resulted in adverse action; (3) the constitutionally protected conduct was a substantial or motivating factor for the retaliation; and (4) the retaliatory action did not further a legitimate penological goal. *Yount v. Department of Corrections*, 966 A.2d 1115, 1120-21 (Pa. 2009). For purposes of this appeal, we need not consider whether Robinson's complaint satisfies prongs one, three, or four of the *Yount* test, as the facts asserted in the complaint are insufficient to demonstrate that Robinson suffered an adverse action as a result of Gillis's alleged retaliatory conduct.

In *Wilson v. Marrow*, 917 A.3d 357 (Pa. Cmwlth. 2007), this Court explained:

> As a threshold matter, a state prison inmate must show he suffered some adverse action by prison officials in retaliation for engaging in constitutionally protected conduct. [*Yount*]. "An inmate may satisfy the requirement of 'adverse action' by demonstrating that the action taken by officials was sufficient to deter a person of ordinary firmness from exercising his constitutional rights." [*Yount*, 966 A.2d] at 1167. *See also Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001)

5

(government action may be considered retaliatory if motivated in significant part by a desire to punish someone for exercising a constitutional right).

*Id.* at 364.

As described above, Robinson alleges that Gillis told a jailhouse informer that he would "get back" at Robinson for filing a grievance against him and that he was going to try to have Robinson sent to solitary confinement. Gillis issued a misconduct slip against Robinson, which charged him with threatening an employee and using abusive, obscene language. Robinson also asserts that Gillis continued to tell the informer that he would continue to try to have Robinson sent to solitary confinement even if he had to "make up something that will stick next time." (Am. complaint at ¶15.)

Robinson's complaint does not allege facts sufficient to demonstrate an adverse action resulting from Gillis's alleged retaliation. Particularly, Robinson does not assert that he was actually sent to solitary confinement, as threatened by Gillis. Furthermore, Robinson alleges that, because he filed a grievance against Gillis, he was issued a misconduct; however, that misconduct was ultimately dismissed.[3] Therefore, we conclude that Robinson failed to satisfy the *Yount* test and, consequently, did not properly assert a retaliation claim under 42 U.S.C. §1983. *See generally Richardson v. Wetzel*, 74 A.3d 353 (Pa. Cmwlth. 2013) (dismissing petitioner's retaliation claim because he did not allege sufficient facts to support claim).

---

[3] While not binding on this Court, we found the United States District Court for the Middle District of Pennsylvania's decision in *Pigford v. Cumberland County Prison* (M.D. Pa., No. 3:11-CV-598, filed April 12, 2011), 2011 WL 1375267 (unreported), to be instructive. In the *Pigford* case, the Court noted that no adverse action was suffered from the filing of false misconduct charges, where the plaintiff was found not guilty of each misconduct.

**Conclusion**

Based upon the foregoing, we conclude that, although the trial court erred by *sua sponte* applying the sovereign immunity doctrine to dismiss Robinson's claims against Gillis, Robinson failed to meet his burden of establishing a retaliation claim under 42 U.S.C. §1983 and the *Yount* test. Specifically, Robinson failed to show that any alleged retaliation resulted in an adverse action.[4] Therefore, the trial court did not err in dismissing Robinson's complaint with respect to Gillis.

Accordingly, the trial court's August 4, 2017 order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Defendants dedicated a substantial portion of their brief to arguing that Robinson waived his claims against Defendant Folino on appeal or, alternatively, that Defendant Folino was protected by sovereign immunity. However, Robinson raised only two issues on appeal, and each was directed towards the trial court's order with respect to Defendant Gillis. Therefore, it is not necessary for us to address any issues, including waiver, related to Defendant Folino.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harvey Miguel Robinson, Jr.,                    :
                    Appellant                   :
                                                :    No. 1770 C.D. 2017
            v.                                  :
                                                :
Louis S. Folino, and CO1 Gillis,                :
sued in their individual capacities             :

## *ORDER*

AND NOW, this 8th day of June, 2018, the August 4, 2017 order of the Court of Common Pleas of Greene County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge