Simmons, Appellant, *v.* Tucker.

Argued September 30, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Oliver N. Hormell,* for appellant.

*Edward Friedman* and *Davis G. Yohe,* with them *Dechert, Price & Rhoads,* and *Peacock, Keller, Yohe & Day,* for intervenor-appellee.

162

OPINION PER CURIAM, October 7, 1971:

On December 8, 1970, the President of the United States nominated Barron P. McCUNE, a judge of the Washington County Court of Common Pleas (27th Judicial District), to the office of United States District Judge for the Western District of Pennsylvania. The appointment was confirmed by the United States Senate on December 16, 1970, and the commission was issued on December 18, 1970. By a letter dated December 28, 1970, Judge McCUNE submitted his resignation to Governor Shafer, then the Governor of the Commonwealth, effective at 12:01 a.m., January 4, 1971. On January 4, 1971, Thomas D. Gladden was appointed to fill that vacancy *for a term ending on the first Monday of January, 1974,* and we unanimously concluded that the appointment was valid. *Creamer v. Twelve Common Pleas Judges,* 443 Pa. 484, 281 A. 2d 57 (1971). On January 22, 1971, Judge McCUNE took the oath of office and began to perform his duties as a federal district judge.

This appeal stems from the refusal by the Secretary of the Commonwealth to accept appellant's properly-executed filing papers for the office of Common Pleas judge in the 27th Judicial District for the term commencing January 3, 1972. Appellant instituted a mandamus action against the Secretary of the Commonwealth and the Commonwealth Court subsequently granted Thomas D. Gladden's petition to intervene. The Commonwealth Court dismissed appellant's complaint by opinion and order respectively dated May 19, 1971, and May 6, 1971, and this appeal was taken pursuant to Section 203 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, §203, 17 P.S. §211.203 (Supp. 1971).

As in the recent case of *Rogers v. Tucker,* 443 Pa. 509, 279 A. 2d 9 (1971), the overall question present-

ed by this appeal concerns the length of Judge GLAD-DEN's term rather than the validity of his appointment. Section 13 of Article V of the Constitution of Pennsylvania pertinently provides: "Justices, judges and justices of the peace shall be elected at the municipal election next preceding the commencement of their respective terms of office by the electors of the Commonwealth or the respective districts in which they are to serve. . . . The person so appointed shall serve for an initial term ending on the first Monday of January following the next municipal election more than ten months after the vacancy occurs." If the vacancy in the 27th Judicial District *occurred* before January 2, 1970 (ten months before the scheduled municipal election on November 2, 1971), Judge GLADDEN's appointment would terminate on January 3, 1972, and a judicial election in 1971 would be required.

Although Judge McCUNE's resignation from the Court of Common Pleas was to be effective January 4, 1971, and despite the fact that Judge McCUNE did not take his federal oath of office until January 22, 1971, appellant contends that Judge McCUNE's vacancy occurred either on December 18, 1970 (the date he was commissioned a federal district judge), or December 28, 1970 (the date of the letter of resignation). Appellant's argument is based on Article V, Section 17(a), and Article VI, Section 2, of the Constitution of Pennsylvania and the Act of May 15, 1847, P. L. 186, §1, as amended, 65 P.S. §1. These constitutional and statutory provisions basically delineate and prohibit certain incompatible public offices and we agree with appellant's initial proposition that the offices of Common Pleas judge and federal district judge are incompatible. However, we do not agree with appellant's contention that Judge McCUNE vacated his state judicial position by operation of law.

164

It is our view that one does not hold office as a federal judge until the oath of office is administered and that the date of the issuance or acceptance of the federal commission, while relevant in other contexts, *e.g.,* 28 U.S.C. §136 (1968), is not relevant to a discussion of this Commonwealth's constitutional and statutory incompatibility provisions. As provided by federal statute, 28 U.S.C. §453 (1968), "[e]ach Justice or Judge of the United States shall take the following oath or affirmation *before performing the duties of his office."* (Emphasis added) If Judge McCune was incapable of performing his duties as a federal judge until he took the oath of office on January 22, 1971, we fail to see any incompatibility, especially since the effective date of Judge McCune's resignation as a Common Pleas judge was eighteen days earlier. Accordingly, a Common Pleas vacancy in the 27th Judicial District did not arise until the effective date of Judge McCune's resignation on January 4, 1971, and Judge Gladden's term continues until the first Monday of January, 1974.

Judgment affirmed.

Mr. Chief Justice Bell and Mr. Justice Barbieri took no part in the consideration or decision of this case.