## Hudock v. Trinisewski

*Michael I. Butera,* for plaintiffs.

*Richard M. Goldberg, and Charles J. Bufalino,* county solicitors, for defendants.

TOOLE, *J.,* May 2, 1984—In this case, plaintiffs, all elected officials of Luzerne County, seek a mandamus order directing defendants, the Luzerne County Commissioners, to approve and pay certain salaries in accordance with a schedule provided for in an ordinance adopted by a former board of commissioners in 1982. Defendants are willing to approve and pay salaries, but only as provided for in an

ordinance adopted by a majority of them in January of 1984.

The matter is procedurally before the court at this time upon defendants' motion for summary judgment and presents a variety of procedural and substantive questions relating to the salaries of the elected county officials.

On December 13, 1982, the Luzerne County Board of Commissioners, by a majority vote[1], enacted Ordinance no. 2 of 1982 which purported to increase the salaries of all county officials above the base amount established by the legislature. The ordinance provided a schedule of percentage salary increases commencing with an eight percent increase effective January 1, 1983. A seven percent increase was then provided for each subsequent year up to and including 1987. The ordinance was to take effect immediately and was, by its terms, applicable to each official when permitted by the State Constitution.

At the time Ordinance no. 2 of 1982 was enacted, each of plaintiffs, having been elected at the municipal election in November of 1979, was serving his second year in office. In addition, each plaintiff aspired successfully for re-election in November of 1983 and assumed the duties as re-elected officials on January 2, 1984. In that same general election, the public elected new majority commissioners[2].

1. The majority of the board at that time consisted of Democratic Commissioners Edward Brominski and Frank Crossin. The minority member of that board, Frank Trinisewski, voted against the ordinance.

2. Elected as the majority were Republican incumbent, Frank Trinisewski, and his running mate, Jim Phillips. Democratic incumbent, Frank Crossin, was elected as the minority member, while his Democratic running mate incumbent, Edward Brominski, was defeated.

Upon taking the oath of office on January 3, 1984, defendant commissioners, Trinisewski and Phillips, as the new majority of the board of commissioners, adopted a resolution expressing their intent to repeal Ordinance no. 2 of 1982 and reduce the salary of all county officials to the base rate set by the legislature.[3] On January 31, 1984, the new majority commissioners enacted Ordinance No. 1 of 1984,[4] which purported to repeal Ordinance no. 2 of 1982 and reduce the salaries of all county officials, including the salaries of plaintiffs to the statutorily designated base salary.

Following the taking of their oaths of office on January 2, 1984, each of plaintiffs, as well as defendants, were paid the salaries provided for by Ordinance no. 2 of 1982, and they continued to receive those salaries until February 3, 1984, when the new majority of the board refused to approve the payroll because it did not conform to the provisions of Ordinance no. 1 of 1984. At that point, plaintiffs initiated this mandamus action and, upon a request for peremptory judgment, this court, on the same date, directed that payroll checks should be issued to the parties based on the salary that each office holder was receiving during the calendar year of 1983. That order was to remain in effect until a decision was rendered on the merits in this matter.

The matter has been briefed, argued, and is now ripe for resolution.

It is well settled that mandamus is an appropriate cause of action to compel the performance of a ministerial act or mandatory duty whenever there is a

3. Commissioner Crossin was recorded as having abstained.

4. Commissioners Trinisewski and Phillips voted in favor of the ordinance while Commissioner Crossin again abstained.

clear legal right in plaintiff, a corresponding duty in defendant, and a want of any other adequate, appropriate and specific remedy. Hamm v. Board of Education for the School District of Philadelphia, 79 Pa. Commw. 547, 470 A.2d 189 (1984); Goodman, et ux., v. Meade, et al., 162 Pa. Super. 587, 590, 60 A.2d 577, 579 (1948); Borough of Easton v. Lehigh Water Co., 97 Pa. 554, 560 (1881).

In this case, plaintiffs ask the court to declare Ordinance no. 1 of 1984 constitutionally invalid and to issue the writ of mandamus directing the commissioners to approve the salary increases provided for in Ordinance no. 2 of 1982. A threshold issue presented is whether mandamus is an appropriate form of action in which to challenge the constitutionality of Ordinance no. 1 of 1984. The purpose of mandamus is not to establish legal rights but to enforce those rights already established beyond peradventure. See Southerland v. Commonwealth, 36 D.&C. 2d 786, 791 (1965). We are satisfied that plaintiffs' legal right in this case is not as clear as required. As the court noted in Hamm, supra, at 190, citing Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners, 440 Pa. 299, 303, 269 A.2d 871, 873 (1970):

"[W]here it is necessary to establish the invalidity of an ordinance before the right sought to be vindicated by the plaintiff in mandamus can be said to exist, the right is not sufficiently 'clear' to form the basis upon which to issue the writ."

We also note that mandamus is appropriate only where the ministerial act or mandatory duty of defendant is clear. Plaintiffs contend that their right to the salary increases provided for in Ordinance no. 2 of 1982 vested with their election in November of 1983, and that Ordinance no. 1 of 1984 is an unconstitutional attempt to decrease those salaries. With-

out answering the contention at this point in the opinion, we simply note that we are obliged by the rules of statutory construction to consider Ordinance no. 1 of 1984, including its repealing features, as valid. There is a presumption that the commissioners, like the legislature, did not intend to violate the Constitution. See Statutory Construction Act of May 28, 1937, P.L. 1019, §52(3), 46 P.S. §552(3). If Ordinance no. 1 of 1984 is valid, then the duty of the commissioners is to comply with and enforce its provisions. In this action, plaintiffs seek not to compel compliance, but to have the board disregard and contravene the provisions of the latest ordinance. This is an inappropriate use of a mandamus action. Cf. Hamm v. Board of Education for the School District of Philadelphia, supra, at 190.

Finally, there must be a want of any other appropriate and adequate remedy. Hamm, supra, indicates that a declaratory judgment may be an appropriate and adequate alternate remedy. Our courts have also held that an action of assumpsit will lie against the county for the recovery of salary by an employee or anyone else entitled to be paid by the county for services rendered to the county. Taylor v. Philadelphia, 126 Pa. Super. 196, 190 Atl. 663 (1937); Gross v. Trout, et al., 69 York Leg. Reg. 95 (1955).

Without further delving into the procedural aspects of this case, suffice it to say that on the basis of the cited authorities, this court should probably dismiss this mandamus action as procedurally inappropriate. However, no purpose will be served or promoted by a dismissal of the action because of its form. Indeed, plaintiffs' counsel indicated at oral argument that if this action is dismissed that another action involving the same parties and raising the same issues will be immediately filed and present-

ed. All that a dismissal would then accomplish is further delay and disruption. "That kind of legal doctrine is what gives the law a bad name, benefits no one, and leaves the judicial job undone." In Re: Tax Claim Bureau, German Township (dissenting opinion), 52 Pa. Commw. 595, 600, 416 A.2d 617, 619 (1980).

We recognize the fact that the procedural rules were designed to insure the fair, orderly and expeditious administration of justice and they are not ends in themselves. Procedural deficiencies should not be permitted to delay or prevent the expeditious resolution of legal issues, particularly important legal issues like those presented in this case. Disregarding procedural labels will neither affect the substantive rights of the parties nor prejudice their positions in any way in this case. It is clear from the record before us that all of the parties are anxious to resolve the substantive issues, the merits of their respective positions, as soon as possible. Plaintiffs have already requested peremptory judgment while defendants have moved for summary judgment. The parties have also filed a stipulation of facts and issues and filed briefs addressing not only the procedural or threshold issues mentioned, but the merits of the controversy as well. We have therefore decided, under the doctrine of judicial economy or under the discretionary powers in Pa. R.C.P. 126, to disregard the procedural deficiencies and errors of form and move on to consider and determine the substantive issues presented by the complaint. To do otherwise would be to erroneously exhault form over substance. In Re: Tax Claim Bureau, German Township, 496 Pa. 44, 436 A.2d 144, 146 (1981).

Substantively, plaintiffs contend that Ordinance no. 2 of 1982 is constitutional and controlling on the

salary dispute and that Ordinance no. 1 of 1984 is unconstitutional and unenforceable. Defendants, on the other hand, assert that Ordinance no. 2 of 1982 is unconstitutional and that Ordinance no. 1 of 1984 is constitutional and controlling on the salary issues. We will consider and determine the constitutionality and applicability of both ordinances.

Any constitutional analysis must begin with an acknowledgment of the prohibition contained in Art. III, section 27 of the Constitution of the Commonwealth of Pennsylvania (1968) which expressly provides that "[n]o law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment". This constitutional provision which is identical to Art. III, sec. 13 of the Constitution of 1874, is cited by both parties in support of their positions. Plaintiffs contend that Ordinance no. 1 of 1984 violates the constitution because it attempts to diminish their salaries after their election, while defendants contend that Ordinance no. 2 of 1982 is unconstitutional because it increased the salaries of plaintiffs during their elective terms of office.

The salary to be paid to county officials is a legislative not a judicial matter. The salary a county office should command and the amount the taxpayers can afford are judgments this court is without authority to make. We are not free to substitute our judgment for that of the elected officials. Those decisions are wholly within the exclusive constitutional and statutory province of the General Assembly or, in this case, because of an act of the legislature, in the Luzerne County Board of Commissioners.

In Pennsylvania, the base salary for each county official has been established by the legislature. See 16 P.S. §11011-1 to §11011-10. In addition, the legislature, by the Act of November 1, 1979, P.L. 246,

350

16 P.S. §11011-10.1, gave the county commissioners the power to fix the salary of all county officers. That act pertinently provides:

"(a) From and after the effective date of this section, the county commissioners shall have the power to fix the salary of all county officers governed by the provisions of this act.

(b) Salaries for all county officers governed by the provisions of this act shall be fixed by the county commissioners in the following manner:

(1) The county commissioners shall cause notice of intention to fix salaries at a special public meeting on a date certain to be published in a newspaper of general circulation at least ten days in advance of such special public meeting.

(2) The special public meeting shall be held during the hours of 6:00 P.M. and 9:00 p.m., prevailing time, so as to afford the public the greatest opportunity to attend.

(3) The special public meeting shall be held in a centrally located area of the county.

(c) The county commissioners shall not reduce the salary of any county officer below the amount set forth in this act.

(d) No new salary schedule shall be adopted in a calendar year in which the county commissioners are to be elected.

Any salary increase shall be on a percentage basis and applied equally to all county officials.

Defendants essentially contend that by providing an eight percent increase over the base salary effective January 1, 1983, that Ordinance no. 2 in some manner operated to retroactively increase the salaries of plaintiffs during their term of office. If the ordinance actually increased plaintiffs' salaries during their term of office, then the enactment would be illegal and invalid. However, we disagree with de-

fendants that Ordinance no. 2 increased plaintiffs' salaries during their term of office. While the salary for the various offices was admittedly increased, it is equally clear that plaintiffs did not receive any salary increase during their elected term from 1980 to 1984. During that term, each plaintiff was paid the salary provided by law for his office and not the salary fixed by Ordinance no. 2 of 1982.

It is important to remember that the prohibitions of the constitution are directed at the persons or individuals holding the office and not to the office itself. Bakes v. Snyder, 486 Pa. 80, 403 A.2d 1307 (1979). Thus, the salary for a county office may be permissible increased during the term of any elected official, but it may not be paid to that particular official during his elective term of office. What is prohibited is not a legislative increase of the salaries, but the paying of any such salary increase to officials during their term of office.

The controlling question is whether the ordinance increases or decreases the salary of the present office holders during their term. Because of staggered terms, any legislative fixing of a salary will occur during some elected official's term of office. Again, that fact alone does not invalidate the legislation. There was no constitutional impediment to establishing the salary for any county office beginning with the year 1983, even though that salary could not be constitutionally paid to any individual then holding office. If the office of any such official became vacant by reason of death, resignation or otherwise, any official appointed to fill the vacancy would have been entitled to the increase provided for by Ordinance no. 2 of 1982, even though his predecessor would not have been eligible to receive such an increase. McKinney v. Northumberland Co., 75 Pa. Super. 581, 583 (1921).

We do not agree with defendants that the 1983 percentage increase provided for in Ordinance no. 2 of 1982 constitutes an impermissible or retroactive pay raise. Any salary increase had to be effective at some time, and the date, as well as the amount of the increases, are subject to constitutional restrictions, left to the discretion of the county commissioners. They could have made the ordinance effective January 1, 1984, rather than January 1, 1983, just as they could have increased the salary by 15 percent as of January 1, 1984, rather than at the percentage rates outlined for 1983, 1984, 1985, et seq. The fact that the effective date of the ordinance was 18 days following its enactment and that eight percent was provided for in 1983 does not make it as contended an illegal "pay raise" for those who were elected in November of 1983 and took office in 1984, whether they were incumbent officials who were re-elected or a candidate elected for an initial term. In order to secure the increase, each plaintiff had to be re-elected. What they received was not a pay raise during their old term, but a new salary beginning with their new term.

The question is not whether we agree that the salary of the officials should be increased, or whether we agree with the amount of the increases provided for in the ordinance. The question before us is whether the commissioners constitutionally exercised their legislative powers. We are satisfied that the percentage increases provided for by Ordinance no. 2 of 1982 are consistent with the legislative authorization contained in the Act of November 1, 1979, and the provisions of the Constitution of this Commonwealth.

We also note in passing that the validity of Ordinance no. 2 of 1982 was never judicially contested until this action was initiated on February 3, 1984.

Those who aspired for county office in the primary and general elections of 1983 had the apparent right to assume that if they were elected they would receive the salary fixed by Ordinance no. 2 of 1982 during their four year term commencing January 1, 1984. One of the purposes of fixing and announcing the salaries for county offices is to inform all possible candidates of the compensation they will receive if elected to such offices. Prospective candidates have the right to know what the salary of a particular office is or will be so that they can make an informed decision whether to aspire for the office at that salary prior to expending their time, money and effort in any primary or general election. Candidates must be assured if they aspire and are successful that no one shall be able to reduce their compensation as a reprisal or political vendetta following their election, nor on the other hand, increase their salary as a reward. See Hadley's Case, 336 Pa. 100, 105, 6 A.2d 874, 875 (1939). Also Cf. Brocious v. Sandy Township, 27 D.&C. 3d 744 (1983).

Satisfied then that Ordinance no. 2 of 1982 meets constitutional muster, we must then determine whether it or the salary increases it provided for were affected by the enactment of Ordinance no. 1 of 1984.

Once again we begin with the recognition that the Constitution prohibits any decrease in the salary of any official following his election and during his term of office. When these plaintiffs were re-elected at the municipal election in November of 1983 for an additional four year term, their right to the salary set forth in Ordinance no. 2 of 1982 became vested and could not be constitutionally reduced as to them until January, 1988. See Goodwin v. Allegheny County, 182 Pa. Super. 28, 125 A.2d 640 (1956). To the extent, then, that Ordinance no. 1 of 1984

purports to repeal Ordinance no. 2 of 1982 and reduce the salaries of these plaintiffs during their 1984-1988 elected terms of office, it is invalid. While the county commissioners may be unable to reduce the salaries payable to these plaintiffs during their present terms, that does not mean they are unable to reduce the salary for county offices at this time. As pointed out under the Act of 1979, the county commissioners have the authority to reduce the salary of any county office provided the new salary schedule is not adopted in a calendar year in which the county commissioners are to be elected and further provided the ordinance does not reduce the salary below the base amount established by the legislature. Any reduction, of course, cannot apply to the individuals then receiving payments pursuant to a prior ordinance.

We certainly recognize and appreciate the present county commissioners' desire to reduce the salary for county offices and to eliminate the increases provided for by Ordinance no. 2 of 1982. Unfortunately for the present majority commissioners, there was no legislative or constitutional way they could effect the desired or promised reduction and make it applicable to any official elected in November of 1983. Once Ordinance no. 2 of 1982 was properly enacted, it could not be retroactively repealed. What the majority county commissioners desired and intended is clear from their resolution but unfortunately their desires and intents conflict with the constitution and its letter and spirit must prevail. We will, however, recognize that the public elected the board of commissioners and that they have the statutory and constitutional right to decide what they feel is and should be the appropriate salary for any county office in the future. We find that Ordinance no. 1 of 1984 satisfies the statutory provi-

sions of the Act of November 1, 1979, and the constitutional provisions of 1968 as far as the county offices are concerned from the date of that enactment. We hold, conclude and declare that Ordinance no. 1 is constitutional insofar as it reduces the salary for all county offices to the base set forth in the act with the understanding that the reduction is not applicable to any of the plaintiffs or defendants during their present elective terms of office. Of course, in the event of a vacancy in the office of any of the plaintiffs or defendants, any appointee or successor would receive the reduced salary provided for by Ordinance no. 1 of 1984 and not the increased salary provided for by Ordinance no. 2 of 1982.

Accordingly, we enter the following

## ORDER

And now this May 2, 1984, it is hereby ordered, adjudged and decreed that Ordinance no. 2 of 1982 is constitutional and that the individual plaintiffs and defendants shall be paid the salaries provided for in that ordinance during their present elected terms of office and, it is further ordered, adjudged and decreed that Ordinance no. 1 of 1984 is constitutional insofar as it fixes the salary for all county offices from the date of its enactment with the understanding that it does not apply to any of plaintiffs or defendants in this action during their present terms. All county officials other than those named as parties herein, shall be paid in accordance with the terms of Ordinance no. 1 of 1984 and in the event of any vacancy in any office held by any of the parties to this action, their appointees or successors shall also be paid the reduced salaries provided for by Ordinance no. 1 of 1984.