**KO–AM POLITICAL ACTION COMMITTEE, Petitioner,**

**v.**

**DEPARTMENT OF STATE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2000.

Decided Oct. 11, 2000.

David M. Chandler, Philadelphia, for petitioner.

Louis L. Boyle, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge, MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

Before this Court are preliminary objections filed by the Department of State, Bureau of Commissions, Elections & Legislation (Department) in response to a complaint in mandamus [1] filed by the Ko–

---

1. A writ of mandamus is an extraordinary remedy that compels official performance of a ministerial act or mandatory duty as opposed to a discretionary act. *Africa v. Horn,* 701

Am Political Action Committee (Ko–Am PAC) to invalidate the designation of Mahn Suh Park (Mr. Park) and Hae Yeon Baik, Esquire (Attorney Baik) as Chairperson and Treasurer, respectively, of Ko–Am PAC.

Ko–Am PAC is a political action committee registered under the laws of the Commonwealth of Pennsylvania at number 9800233. In its initial registration statement that it filed with the Department, it designated Kent Suh (Mr. Suh) as Chairperson and Sang R. Cho (Mr. Cho) as its Treasurer. On September 1, 1999, Mr. Park and Attorney Baik visited the Department and registered another political action committee—the Han Mi Ko–Am Political Action Committee (Han Mi Ko–Am PAC)—under number 9900237. They inquired as to the regulations regarding a change in a committee's officers and specifically asked whether the Ko–Am PAC should be dissolved and re-registered, and, if so, who was authorized to create or dissolve a committee. The Department informed them that while the treasurer of a committee was authorized to file documents to create or dissolve a committee, such extreme measures were not required as a means of changing the officer designations. The Department informed them that the law merely required a committee to file an amended registration statement when it appointed a new chairperson and/or treasurer.

On September 15, 1999, the Department received a letter stating that Mr. Park wanted to dissolve Ko–Am PAC and re-register it under the same name. Included with the letter was a final campaign finance report and a registration statement designating Mr. Park as the Chairperson and Attorney Baik as the Treasurer of Ko–Am PAC. The Department continued to use the same registration number for Ko–Am PAC but changed its officer designa-tion in accordance with the most recently filed registration statement, listing Mr. Park and Attorney Baik as Chairperson and Treasurer respectively. On September 30, 1999, the Department received a letter from an attorney representing Mr. Suh and Mr. Cho stating that Mr. Park and Attorney Baik had wrongfully amended Ko–Am PAC's registration statement and that his clients were the legitimate officers of Ko–Am PAC. Mr. Suh and Mr. Cho also filed an amended registration statement designating themselves as the officers of Ko–Am PAC.

On October 18, 1999 and November 5, 1999, Attorney Baik sent letters to the Department asking it to invalidate the appointments of Mr. Suh and Mr. Cho because Mr. Park and Attorney Baik had never resigned from their positions as Chairperson and Treasurer of Ko–Am PAC. The Department responded to both letters informing Attorney Baik that 1) the Pennsylvania Election Code did not require a committee or its officers to inform the Department of an officer's resignation but only required the committee to inform the appropriate supervisor of any changes in the registration statement within 30 days of the change; 2) if an amended registration statement was filed, the Department lacked the authority to interfere in a committee's internal dispute by invalidating appointments of the officers listed in the most recently filed registration statement; and 3) there were two alternative remedies available to the factions with Ko–Am PAC. The two remedies were that 1) Ko–Am PAC could be terminated and each faction could create its own committee with a new and different name; or 2) one of the factions could form a new committee under a different name while the other retained control over Ko–Am PAC.

Because the Department refused to invalidate the appointments of Mr. Suh and

A.2d 273 (Pa.Cmwlth.1997). It may be issued only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and lack of any other appropriate and adequate remedy. *Hamm v. Board of Education for School District of Philadelphia,* 79 Pa.Cmwlth. 547, 470 A.2d 189 (1984).

Mr. Cho, Mr. Park and Attorney Baik filed a complaint in mandamus alleging that the appointments of Mr. Suh and Mr. Cho were invalid and at no time did Mr. Park or Attorney Baik resign as Chairperson and Treasurer of Ko–Am PAC. The complaint averred that the Department had a duty to invalidate the appointments but had breached its duty by refusing to do so, and there were no adequate remedies at law that they could pursue. They then requested this Court to invalidate the appointments of Mr. Suh and Mr. Cho as Chairperson and Treasurer of Ko–Am PAC, to reaffirm the appointments of Mr. Park and Attorney Baik as Chairperson and Treasurer of Ko–Am PAC, to inform Mr. Suh and Mr. Cho that if they wanted to form another political action committee, it would have to be with a different name, and to pay their costs in bringing this action.

■ In response to the complaint, the Department filed preliminary objections demurring to the complaint. It contends that it has no duty under the Pennsylvania

Election Code or any other law or regulation to invalidate the appointments of Mr. Suh and Mr. Cho as Chairperson and Treasurer of Ko–Am PAC because Section 1624 of the Election Code, 25 P.S. § 3244,[2] only requires that it abide by the most recent registration statement filed as to the appropriate officers of the political action committee which it has done.[3] Additionally, the Department argues that Ko–Am PAC has other adequate remedies at law which it previously suggested to Ko–Am PAC.

■ Because Ko–Am PAC is requesting that the Department perform a discretionary act in determining who its officers are by amending the registration statement, mandamus will not lie. If there is any governmental relief at all, it is to file an appeal pursuant to the Administrative Agency Law from the Department's decision to accept the amended registration statement. Accordingly, the Department's preliminary objections are granted and Ko–Am PAC's complaint is dismissed.

---

2. Act of June 3, 1937, P.L. 1333, *as added by* the Act of October 4, 1978, P.L. 893. 25 P.S. § 3244 provides:

> (a) Any political committee which receives contributions in an aggregate amount of two hundred fifty dollars ($250) or more shall file a registration statement, designed by the Secretary of the Commonwealth, with the appropriate supervisor within twenty (20) days after the date on which it receives such amount. Each committee in existence shall have sixty (60) days from the effective date of this amendatory act to comply with the requirements of this section.
> (b) Each registration statement shall contain the following information:
> (1) The name, addresses and phone numbers of the political committee.
> (2) The name, address and phone number of the committee's treasurer.
> (3) The name, address and phone number of the committee's chairman.
> (4) The names, addresses and relationships of other affiliated or connected organizations.
> (5) The candidates, if any, and their names and addresses.
> (6) The ballot question, if any, which the committee intends to support or oppose.

> (7) The banks, safety deposit boxes or other repositories and their addresses used by the committee.
> (8) The proposed period of operation of the committee.
> (c) The committee shall inform the appropriate supervisor [Secretary of the Commonwealth or the respective county boards of elections, 25 P.S. § 3241] of any changes in the information contained in subsection (b) within thirty (30) days of that change.

3. The Department also preliminarily objected on the basis that Ko–Am PAC's claim lacked subject matter jurisdiction because the complaint was originally filed with the Philadelphia Court of Common Pleas rather than with this Court. Because the action was transferred to this Court, that objection is moot. The Department also preliminarily objected on the basis of improper service of process because the complaint was served upon the Department by mail rather than by handing a copy to the person in charge at the Office of the Attorney General. However, because we determined that this was actually a petition for review, service upon the Attorney General was not required. *See Awkakawakeyes v. Department of Corrections*, 142 Pa.Cmwlth. 232, 597 A.2d 210 (1991).

## *ORDER*

AND NOW, this 11th day of October, 2000, the preliminary objections filed by the Department of State are sustained and the complaint in mandamus filed by Ko–Am Political Action Committee is dismissed.