Jahn CHESNOV, individually and as a candidate for Bucks County Common Pleas Judge, Petitioner

v.

Pedro A. CORTES, Secretary of the Commonwealth and Harry Van Sickle Commissioner of Elections, Respondents.

Commonwealth Court of Pennsylvania.

Heard March 28, 2007.

Decided April 2, 2007.

Publication Ordered June 27, 2007.

Lawrence M. Otter, Doylestown, for petitioner.

Howard G. Hopkirk, Harrisburg, for respondents.

Thomas J. Profy, III, Langhorne, for intervenors, Bucks County Republican Committee and Harry W. Fawkes.

OPINION BY Senior Judge KELLEY.

Before this Court is a Petition for Review and Writ of Mandamus filed in our original jurisdiction by Jahn Chesnov, individually and as a candidate for Bucks County Common Pleas Judge (Chesnov), seeking to compel Pedro A. Cortes, Secretary of the Commonwealth and Harry A. Vansickle, Commissioner of Elections, (collectively, Respondents) to declare the seat of the Honorable Kenneth G. Biehn (Judge Biehn), Judge of the Court of Common

Pleas of the 7th Judicial District (Bucks County), to be vacant and to direct that the vacancy be filled through the 2007 Municipal Primary and Municipal General Elections. An evidentiary hearing on the Petition for Review and Writ of Mandamus was held before the Court on March 28, 2007.

The facts of this case are not in dispute. On December 22, 2006, Judge Biehn submitted a letter to Governor Edward G. Rendell, resigning his office effective the close of business on July 5, 2007. By letter dated January 8, 2007, Michael Marisco, Deputy Director of the Governor's Office of Public Liaison wrote to Judge Biehn advising that Governor Rendell acknowledged his resignation and that the vacancy has been officially recorded effective July 5, 2007. On January 30, 2007, Commissioner Van Sickle forwarded to Deena K. Dean, Director of Bucks County Board of Elections, a copy of the Secretary of the Commonwealth's 2007 Certification of "Officers to be Nominated and Elected."[1] The initial certification of the Secretary of the Commonwealth indicated that the 7th Judicial District would be required to fill two vacancies on the Court of Common

Pleas of Bucks County—one vacancy due to the mandatory retirement of the Honorable Daniel J. Lawler (Judge Lawler) and the other due to the anticipated resignation of Judge Biehn. These judicial vacancies would be filled in the 2007 Municipal Primary and Municipal General Elections. On February 2, 2007, Commissioner Van Sickle forwarded to the Director of Bucks County Board of Elections a copy of the Secretary's amended certification. The amended certification indicated that the 7th Judicial District would be required to fill *one* vacancy on the Court of Common Pleas of Bucks County due to the mandatory retirement of Judge Lawler. The Secretary of the Commonwealth did not certify the seat, held by Judge Biehn, for inclusion on the ballots for the 2007 Municipal Primary and Municipal General Elections.

Pursuant to Section 916 of the Pennsylvania Election Code,[2] the Secretary certified to the Director of Bucks County Board of Elections the three qualified candidates for the vacancy on the Court of Common Pleas of Bucks County that were to appear on the 2007 Municipal Primary

---

1. *See* Section 903 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2863 ("It shall be the duty of the Secretary of the Commonwealth, prior to each primary, to ascertain the various national and State offices to be filled at the ensuing November election, and for which candidates are to be nominated at such primary, and otherwise, in accordance with the provisions of this act."); Section 905 of the Pennsylvania Election Code, 25 P.S. § 2865 ("On or before the thirteenth Tuesday preceding each primary, the Secretary of the Commonwealth shall send to the county board of each county a written notice designating all the offices for which candidates are to be nominated therein, or in any district of which such county forms a part, or in the State at large, at the ensuing primary, and for the nomination to which candidates are required to file nomination petitions in

the office of the Secretary of the Commonwealth....").

2. 25 P.S. § 2876 ("The Secretary of the Commonwealth, as soon as possible after the last day fixed for the filing of nomination petitions with him, and after the last day for the withdrawal of candidates filing such nomination petitions, and after the candidates shall have cast lots for the position of their names upon the primary ballots or ballot labels, shall forward to the county board of each county a correct list of candidates of each party for the various offices, in the order in which they are to appear upon the official ballots or ballot labels, with their respective residences, giving city, borough, town or township, and post-office addresses as shown in their affidavits; and shall also at the same time notify the said candidates by mail that their names have been so certified to said county boards.").

Election ballot. All three candidates cross-filed to appear on both the 2007 Democratic Municipal Primary Election ballot and the 2007 Republican Municipal Primary Election ballot.

On March 14, 2007, Chesnov filed the instant Petition for Review and Writ of Mandamus seeking to compel Respondents to declare the seat of Judge Biehn to be vacant, and to direct that the vacancy be filled through the 2007 Municipal Primary and Municipal General Elections.[3] Respondents filed an Answer and New Matter to Chesnov's Petition for Review and a Memorandum of Law in opposition to the Writ of Mandamus. In the new matter, Respondents assert that Chesnov has failed to state a claim upon which relief can be granted and that the action is barred by the doctrine of laches. Chesnov filed an Answer to Respondents' New Matter and a Memorandum of Law.

On March 23, 2007, Harry W. Fawkes, Individually and as Chairman of the Bucks County Republican Committee, filed an Application for Intervention. On March 28, 2007, Tom Lingenfelter, a Registered Elector of Bucks County, filed a *pro se* Application for Intervention.

On March 28, 2007, a hearing was conducted before this Court. Before proceeding on the Petition for Review, the Court granted the Application to Intervene of Harry W. Fawkes and denied the Application to Intervene of Tom Lingenfelter. The parties then presented testimony and evidence. Chesnov called several witnesses to the stand, including Judge Biehn, and admitted into evidence Exhibits P1–P6[4] without objection. Respondents and Intervenor Hawkes called their own witnesses; Respondents admitted into evidence "Commonwealth's Exhibit 5"[5] without objection.

With the instant Petition for Review and Writ of Mandamus, Chesnov argues that the vacancy of Judge Biehn's seat was known in December of 2006, more than ten months prior to the November 6, 2007 Municipal Election. As a result, the vacancy should be filled through the 2007 Municipal Primary and Municipal General Elections pursuant to Article 5, Section 13(a) of the Pennsylvania Constitution which provides:

> (a) Justices, judges, and justices of the peace shall be elected at the municipal election next preceding the commencement of their respective terms of office by the electors of the Commonwealth or the respective districts in which they are to serve.

---

**3.** A writ of mandamus is an extraordinary remedy that compels official performance of a ministerial act or mandatory duty, as opposed to a discretionary act. *Ko–Am Political Action Committee v. Department of State,* 760 A.2d 906 (Pa.Cmwlth.2000). It may be issued only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and lack of any other appropriate and adequate remedy. *Id.*

**4.** Specifically, these exhibits are:

P–1 Judge Biehn's Resignation Letter to Governor Rendell dated December 22, 2006

P–2 Michael Marsico Letter to Judge Biehn acknowledging receipt of the Resignation Letter dated January 8, 2007

P–3 2007 Certification of Offices to be Nominated and Elected dated January 30, 2007

P–4 Amendment to 2007 Certification of Offices to be Nominated and Elected dated February 2, 2007

P–5 Department of State Election Information—Important Dates to Remember for Calendar Year 2005.

P–6 Department of State 2007 Election Calendar

**5.** Commonwealth Exhibit 5 is the only exhibit offered by Respondents and is an unofficial list of judicial candidates for the Primary Municipal Election May 15, 2007, which was generated by the Bureau of Elections on March 21, 2007.

PA. CONST. art. V, § 13(a). Chesnov further relies upon this Court's opinion in *Brady v. Cortes,* 873 A.2d 795 (Pa. Cmwlth.), *aff'd,* 582 Pa. 423, 872 A.2d 170 (2005).

In opposition thereto, Respondents and Intervenor Fawkes, relying upon *Simmons v. Tucker,* 444 Pa. 160, 281 A.2d 902 (1971), argued that the vacancy of Judge Biehn's seat will not occur until the effective date of Judge Biehn's resignation on July 5, 2007. Thus, the vacancy of Judge Biehn's seat will not occur more than ten (10) months preceding the 2007 Municipal General Election. Accordingly, Respondents and Intervenor Fawkes argue that the seat should be filled through gubernatorial appointment pursuant to Article 5, Section 13(b) of the Pennsylvania Constitution which provides, in pertinent part:

> (b) A vacancy in the office of justice, judge or justice of the peace shall be filled by appointment by the Governor.... The person so appointed shall serve for a term ending on the first Monday of January following the next municipal election more than ten months after the vacancy occurs or for the remainder of the unexpired term whichever is less....

PA. CONST. art. V, § 13(b). Respondents and Intervenor Fawkes further argue that *Brady* is distinguishable from the present matter.

 Chesnov argues that since Judge Biehn's resignation was known in December of 2006—more than ten months prior to the November 6, 2007 Municipal General Election—his seat should be filled in the Municipal Primary and General Elections. The problem with Chesnov's argument is that Judge Biehn has not vacated his seat. In *Simmons,* our Supreme Court squarely addressed the issue of when a vacancy occurs. Therein, by letter dated December 28, 1970, Judge McCune advised that his resignation from the Court of Common Pleas was to be effective January 4, 1971. The appellant argued that Judge McCune's vacancy occurred either on December 18, 1970 (the date Judge McCune was commissioned a federal district judge), or December 28, 1970 (the date of the letter of resignation). However, the Supreme Court disagreed and determined that the vacancy did not arise until the *effective date of the resignation* on January 4, 1971. *Simmons.*

Here, pursuant to Judge Biehn's letter of December 22, 2006, the effective date of Judge Biehn's resignation is set for July 5, 2007. Pursuant to *Simmons,* a vacancy in the Judge Biehn's seat on the Court of Common Pleas of Bucks County will not occur until the effective date of his resignation—July 5, 2007, which is well beyond the date of the May Municipal Primary Election and less than the ten months preceding the November General Municipal Election. While Judge Biehn credibly testified that he fully intends to resign on July 5, 2007 and that he intends his resignation to be irrevocable, this testimony cannot overcome legal precedent regarding vacancy. Until the effective date of resignation, it is conceivable that such resignation can be rescinded, despite the intention that such resignation be irrevocable. The parties have cited no authority and this Court has found no authority for the proposition that a resignation cannot be rescinded. Such uncertainty of a vacancy could place the results of the Municipal Primary Elections in doubt. While no one questions the integrity and sincerity of Judge Biehn's intention to resign July 5, 2007, until the effective date of the resignation, there is simply no vacancy to be filled through the 2007 Municipal Primary and Municipal General Elections.

Chesnov also asserts that the present matter is controlled by *Brady.* In *Brady,*

political parties petitioned for writ of mandamus to compel the Secretary of the Commonwealth and the Commissioner of Elections to declare the seat of a common pleas court judge to be vacant and to fill the vacancy in the next primary and general election, rather than by gubernatorial appointment. The vacancy was created by the Honorable Gene Cohen (Judge Cohen), of the Court of Common Pleas of Philadelphia. In December 2004, Judge Cohen publicly announced his intention to resign his commission as judge and in January 2005, submitted a resignation letter to the governor, which became effective on February 28, 2005.

This Court determined that the vacancy clearly occurred on the date that his resignation became effective—February 28, 2005. *Brady*, 873 A.2d at 799 (citing *Simmons*). In a situation where the normal election process for a specific judicial office has already commenced prior to an additional vacancy in that office, and where there are a number of duly qualified candidates already seeking nomination to that office that are equal to, or in excess of, the number of vacancies to be filled by election, the electoral provisions of Article 5, Section 13(a) require that the additional vacancy be filled through the municipal election process. *Brady*. Consistent with section 13(a), the "ten month" provision of section 13(b) does not apply when the normal election process for judicial office has commenced, even if the vacancy occurs less than ten months prior to the next election. *Id.* This Court opined:

> It is well settled that, "[w]henever possible, election is the constitutionally prescribed method for filling judgeships in Pennsylvania. The appointment procedure of section 13(b) is a stopgap to fill seats that unexpectedly fall vacant." *Barbieri v. Shapp*, 476 Pa. 513, 520, 383 A.2d 218, 222 (1978).... The purpose of section 13 is to ensure that whenever possible judicial officers shall be elected by a complete electoral process. The appointive process of section 13(b) was intended to fill a judicial vacancy only until the office could again be filled by a popularly elected officer. The "ten month" provision was designed simply to insure that the electoral process would be complete with a regularly conducted primary election, as well as a municipal election. It was not intended to frustrate the electoral process mandated in section 13(a).

*Id.* at 799.

The situation presented here is readily distinguishable from *Brady*. In *Brady*, the vacancy existed February 28, 2005, well before the Municipal Primary Election. Here, Judge Biehn's vacancy will not occur until July, 5, 2007, long after the Municipal Primary Election. As discussed above, no vacancy exists which can be filled through the municipal election process.

Accordingly, Chesnov's Petition for Review and Writ of Mandamus, is denied.[6]

### ORDER

AND NOW, this 2nd day of April, 2007, Petitioner's Petition for Review and Writ of Mandamus is DENIED; the Application to Intervene of Harry W. Fawkes is GRANTED; the Application to Intervene of Tom Ligenfelter is DENIED; and Intervenor Fawkes' oral Motion to Dismiss is DENIED.

---

**6.** In light of this determination, the Court need not address Respondents' new matter or Intervenor Fawkes' Motion to Dismiss, which was raised during the hearing and denied by the court with reservation.